[No. 32521. Department Two. October 22, 1953.]

DONALD L. WELLS, *Respondent,* v. ESTELLA M. WELLS, *Appellant.*[1]

[1]Reported in 261 P. (2d) 971.

*O'Leary, Meyer & O'Leary,* for appellant.

*Lynch & Lynch,* for respondent.

HAMLEY, J.—This is a proceeding brought by the mother of two minor children to obtain modification of a divorce decree so that she may take the children with her to Illinois to join her new husband. Modification is necessary before she can do this, as the decree, entered on March 25, 1952, forbids removal of the children from the state without further order of court.

The mother also asked that the decree be modified to give her legal custody of both children. In the decree she was awarded the legal custody, care and control of the daughter, then one year old, but only the physical care of the two-year-old son. Legal custody of the boy was awarded to the father in conformity with a predivorce agreement between the parties.

The father resisted the requested modifications, and orally cross-petitioned to modify the decree to award him the physical care of the son.

The trial court, after hearing, ordered that the decree be modified to permit the mother to take the girl (but not the boy) with her to Illinois, if she desires to do so. The modified decree also provides that, in the event the mother leaves the state with the girl, the boy is to be placed in the physical care of his father. The order further provides that, if this course is followed, the father may place the boy with the paternal grandparents until the father is released from military service or is able to establish a home. The mother appeals.

The trial court, in its oral opinion, indicated that the reason for the denial of appellant's request that she be permitted to take both children with her to Illinois was that this would deprive the father of his visitation privileges. Much of the argument submitted by both parties in this court revolves around the question of whether removal of the children to

Illinois would substantially interfere with the father's privilege of visitation (he is in the air force and is presently stationed in Texas), and whether, if this be true, the disadvantage thereby occasioned is outweighed by the advantages the children will derive if their removal is permitted. See *Borenback v. Borenback,* 34 Wn. (2d) 172, 208 P. (2d) 635.

We are convinced from our review of the record, however, that, entirely apart from the question of visitation, the trial court was justified in declining to permit the boy to be taken from the state. These same circumstances, in our opinion, would also have warranted the trial court in refusing permission to remove the girl. But if there was error in permitting the girl to leave the state, it is not before us for review, since respondent father has not cross-appealed and appellant has not assigned error as to this provision of the order.

The circumstances which lead us to believe that no abuse of discretion was involved in denying permission to take the boy to Illinois may be briefly stated.

Since the divorce, the mother has been living with the children in Olympia. About half of this time the mother and children have lived with the maternal grandmother. The paternal grandparents have had the children with them very frequently, especially on weekends, and often at the request of the mother. At the time of the hearing, the mother was employed as a waitress at an Olympia restaurant. She shares a home with another lady and the latter's children, and the two women take turns caring for each other's children. The trial court found that the mother had taken proper physical care of the children. She receives an allotment of $107 a month from respondent for support of the children.

On January 23, 1953, appellant married Paul E. Clow, having met him just two weeks previously. He was a corporal in the army signal corps and was twenty-four years old. After the couple had lived together for twelve days, he was assigned to serve in Germany. He expects to be discharged in December, 1953. When he is discharged, he expects to return to his parents' home in Olney, Illinois, and

wants appellant and the children to come back there to live with him.

Clow enlisted in the army at the age of eighteen years and has therefore had little experience earning a living in civilian life. He had, however, worked some as a caterpillar tractor and bulldozer operator. At the time of the hearing, there was no assurance that he would find employment in Olney in this or any other line of work.

There are eleven children in Clow's immediate family, seven of whom live at the home in Olney. Appellant has never been in Olney, and has not met Clow's parents, though they frequently correspond. When Clow's mother became ill in October, 1952, he was required to expend his entire savings, amounting to thirty-six hundred dollars, for her care. Neither he nor appellant had any money at the time of the hearing. She had received no support money from him since the marriage, but attributed this to "army red tape." She expects the allotments will be $127 a month when they commence, but of course they will cease as soon as he is discharged from service.

Appellant's testimony was somewhat equivocal as to whether she would continue working after Clow is released from the service. Her testimony regarding the plan for her and the children to go to Olney was also somewhat uncertain. She testified: "We will try, if possible, to return to Olney and he will buy a home and we will stay there."

There is no indication in the record as to Clow's attitude toward the children, except that which may be inferred from appellant's testimony that he wanted her and the children to come to Illinois. It is probable that he and the children saw very little of each other during the two-week courtship and the twelve-day honeymoon before he left for Germany.

The facts summarized above provide scant assurance that the welfare of the boy (or of either child, for that matter) will be served by permitting his removal to Illinois. Appellant's case in this regard was based primarily on hopes and expectations. The only solid facts which were established tend to create doubt rather than certainty that the move would be for the best interests of the boy.

Conceding that these uncertainties are presently beyond the control of appellant and her new husband, the fact remains that they exist. Until appellant is able to make a much more complete and definite showing that elimination of the provision forbidding removal of the boy from the state will be for his best interest, she is in no position to complain because such provision has been retained. In the meantime, she has it within her power to avoid separation of the children from each other, and separation of herself from the boy, by simply staying in this state.

The remaining assignments of error question the action of the trial court in denying appellant's request that she be given legal custody, as well as the physical care, of the boy.

Ordinarily, the legal custody of a child involved in a divorce suit is awarded to the same person to whom the child's care, control and physical custody is awarded. Occasionally this course is departed from for a temporary period, where the person entitled to legal custody has not satisfied the court that proper and adequate living arrangements have been provided. See *Allen v. Allen,* 28 Wn. (2d) 219, 182 P. (2d) 23.

The decretal provision in question is based upon an agreement between the parties. There is nothing in the record to indicate why the two children were dealt with differently with respect to legal custody. An anomalous situation has resulted which may well lead to unnecessary disagreements and controversies between the parties. In our view, appellant should be awarded the legal custody of both children for as long a period as she is charged with their physical care and control.

The cause is remanded, with directions to modify the order under review in accordance with the views just expressed. In all other respects, the order is affirmed. Neither party shall recover costs in this court.

GRADY, C. J., SCHWELLENBACH, DONWORTH, and FINLEY, JJ., concur.