271 P.2d 4]

[L. A. No. 22940. In Bank. May 27, 1954.]

JOHN RIX TYRELL, Petitioner, v. THE COMMITTEE OF BAR EXAMINERS et al., Respondents.

Donald G. Hall for Petitioner.

Richard J. Archer for Respondents.

THE COURT.—John Rix Tyrell seeks to review a resolution of the Committee of Bar Examiners denying his application under section 6060.8 of the Business and Professions Code for admission to practice law without examination. The basis of the committee's action was the determination that Tyrell had not "entered upon active duty in the armed forces" as required by that section.

After serving in the United States Naval Reserve during World War II, Tyrell was released to inactive duty. He commenced the study of law and in June 1952, was graduated from an accredited law school. The next final bar examination was conducted in October of that year.

Prior to graduation, Tyrell received orders to report on June 9th to a naval base for a 14-day tour of active duty for training. He was released to inactive duty at the end of that period, but on September 25th he was recalled to active duty for one day for the purpose of taking a physical examination. In October, Tyrell took the bar examination but failed to receive a passing grade.

In *Riave* v. *Committee of Bar Examiners, ante,* p. 835 [271 P.2d 1], it was held that the apparent purpose of section 6060.8 of the Business and Professions Code was to benefit those veterans whose law study was interrupted by recall to military service for the extended periods made necessary by the national emergency resulting from the Korean hostilities. That purpose does not contemplate the annual short tours of duty for training, and there is even less reason to conclude that the Legislature intended to exempt from a bar examination persons called to temporary active duty for a single day solely for the purpose of processing or a physical examination. (*Cf.* Mil. & Vet. Code, § 980, subd. (g).)

The application is denied.

Traynor, J., did not participate.