[No. 32818. Department One. June 10, 1954.]

D. ELAINE BRIM, *Appellant*, v. EUGENE K. STRUTHERS, *Respondent.*[1]

[1]Reported in 271 P. (2d) 441.

*Clarence L. Gere,* for appellant.

*Wright, Booth & Beresford,* for respondent.

OLSON, J.—The principal question in this appeal by a mother, arises out of her challenge to the factual conclusions of the trial court, upon which it based its dismissal of her petition to modify the child custody provisions of a divorce decree.

Two children are involved, a boy, aged four, and a girl, aged two, at the time of the modification hearing. Their mother and father were divorced September 16, 1952, in an action brought by the father in the superior court for Walla Walla county. Both parties were found to be proper persons to have custody of the children. The decree provided that, until the children reach school age, each parent should have their custody for alternate six-month periods. It further provided that the mother should have ninety days from September 15, 1952, to establish a home for herself and the children in Seattle, Washington, where she then resided, and that, if she did so, the children should be in her custody for a six-month period commencing December 15, 1952. The father was ordered to pay the mother the sum of two thousand dollars with which to establish that home, and additional sums as support money when the children were with

her. The children were taken to their mother's home on the designated date.

In March, 1953, she brought this proceeding to modify the decree so that she could have custody of the children, subject only to short periods of visitation with their father. She alleged that circumstances had changed since the entry of the decree, in that she had remarried and established an adequate home for them in Seattle. The trial court found that conditions had changed as she alleged, but it further found that the establishment of a home "was a condition to her enjoying the custody provisions of the said decree and was a fact within the contemplation of the Court at the time of the entry of the original decree." It also found that both parents were proper persons to have custody. It concluded that the mother failed to sustain the burden of showing materially changed conditions to justify any modification, and dismissed the action.

 Each case involving custody of children must be decided upon its own facts, and the trial court has a wide discretion in its decision. Consideration of the children's welfare is controlling in all custody cases. In this case, a statement of the evidence in detail would serve no useful purpose because, as we have said, there is no question of the propriety of either parent as a custodian of these children. The evidence does not establish that their welfare would be served by a change in their custody. While we do not wish to encourage decrees providing for divided custody, for the reasons assigned in *Schilling v. Schilling*, 42 Wn. (2d) 105, 106, 253 P. (2d) 952 (1953), and possibly other reasons, we have concluded that no abuse of discretion is shown here.

The mother also contends that the court erred in rejecting evidence of the "conditions of the parties" at the time of the divorce. She offered to show facts, particularly regarding her health and finances, beyond those shown in the findings supporting the decree.

 The divorce was granted after a trial. No appeal was taken. The decree is final and *res judicata* upon the issue of child custody determined on conditions then exist-

ing. It remains so unless and until a material change in the circumstances of the parties justifies its modification in the interest of the welfare of the children. RCW 26.08.110 [*cf.* Rem. Supp. 1949, § 997-11]. See *White v. White,* 24 Wn. (2d) 52, 57, 163 P. (2d) 137 (1945); *Heuchan v. Heuchan,* 38 Wn. (2d) 207, 214, 228 P. (2d) 470 (1951), and cases cited. This change must take place subsequent to the entry of the last custody order. *Schorno v. Schorno,* 26 Wn. (2d) 11, 18, 172 P. (2d) 474 (1946), citing *White v. White, supra.* Conditions which were or could and should have been brought to the attention of the court at the previous trial of the custody issue, ordinarily cannot be urged or relied upon as a material change in circumstances to obtain modification. *Heuchan v. Heuchan, supra.* What we said in the latter case (p. 215), although it involved successive modification proceedings, is applicable here: ". . . a court cannot be taken over by one set of litigants for the continued readjudication and reconsideration of their affairs."

Consequently, only under exceptional circumstances can evidence of conditions before the divorce trial be admissible in a modification proceeding. *Ibid.* Because of the nature of the issue, whenever the custody of children is involved, the court may receive and consider competent and relevant evidence of the propriety of the parties as custodians, without any arbitrary time limitations. *Gibson v. Von Olnhausen,* 43 Wn. (2d) 803, 804, 263 P. (2d) 954 (1953), and cases cited. However, to foreclose attempts to retry the issue, the trial court has been vested with a wide discretion in ruling upon the admission of evidence of this nature. If it has excluded the proffered evidence because it is a mere reiteration of the evidence at the divorce trial, we will be slow to disturb its ruling. *Allen v. Allen,* 38 Wn. (2d) 128, 133, 134, 228 P. (2d) 151 (1951). See *Earling v. Earling,* 117 Wash. 584, 585, 201 Pac. 908 (1921). This is also true regarding evidence which could and should have been offered at the previous trial. See *Heuchan v. Heuchan, supra,* p. 215. In the case at bar, there was no abuse of discretion in the rejection of this evidence.

The evidence taken at the divorce trial was transcribed by the official court reporter who reported the case. This transcription was offered and admitted in evidence in this proceeding. Neither party was ordered to supply it, within the contemplation of RCW 26.08.180 [*cf.* Rem. Supp. 1949, § 997-18]. It was no more than an exhibit prepared for use at the modification hearing. There is no statutory or other authority for taxation of the cost of its preparation against the mother. Her motion to strike this item from the cost bill should have been granted.

The judgment will be modified accordingly, and, with this modification, it is affirmed.

GRADY, C. J., MALLERY, HAMLEY, and FINLEY, JJ., concur.

