[No. 37180. Department One. April 9, 1964.]

JOANNE C. HOLTEN, *Respondent*, v. JACK B. HOLTEN, *Appellant*.*

*Arthur E. Sherman, Jr.*, for appellant.

*Schumacher & Charette*, for respondent.

HALE, J.—Joanne C. Holten brought an action for divorce against her husband, Jack B. Holten, seeking custody of their child, Leon Michael. Her husband cross-claimed for a divorce, sought custody of the child, and made answer that the plaintiff had no grounds for divorce and that her complaint should be dismissed.

*Reported in 390 P. (2d) 982.

After trial on the issues, the trial court dismissed plaintiff wife's complaint and granted the husband a divorce, but placed the child, then about 1½ years of age, in custody and control of its paternal grandmother, Mrs. Bessie Holten, in whose home the plaintiff father then resided. That the court intended the grandmother's physical custody of the small boy to be temporary is clearly shown in the findings of fact and conclusions of law. Finding No. 3 reads, in part:

" . . . that the plaintiff and the defendant are both fit and proper persons to have the care, custody and control of the minor child herein but that the plaintiff does not have proper facilities or a proper place in which to care for the said minor child and that said minor child should be placed in the custody and control of the paternal grandmother, Mrs. Bessie Holten of Raymond, Washington and be left in her care, custody and control until such time as the plaintiff herein can make a showing that she has been able to establish a proper home and that during the pendency of this matter and until further order of the Court, the plaintiff will be entitled to reasonable visitations with said minor child at reasonable hours."

The conclusions of law and the decree alike (both entered April 14, 1961) set forth the same provision to the effect that the paternal grandmother have care, custody and control of the minor child, Leon, until the plaintiff made a satisfactory showing that she was able to provide a fitting and proper home for the boy.

Within a few weeks of the decree, the plaintiff wife married Jack Pulkkinen, and, a few months after the establishment of the new home, petitioned the court for custody of the child. The trial on this petition, coming on before the trial judge who had heard the original divorce, resulted only in a substantial enlargement of plaintiff's visitation rights to include two week ends each month, alternate holiday seasons, and an entire month during the summer. Physical custody of the child in the paternal grandmother was, thus, by necessary implication, left otherwise undisturbed.

Shortly thereafter in another petition to modify the divorce decree, filed January 25, 1963, plaintiff asserted

again that she was able to provide the child with a fit and proper home, and, thus claiming a change of circumstances, asked for custody. Defendant father of the child raised the issue of fitness of plaintiff's home by denying it, denied plaintiff's fitness to have visitation rights with the child, and sought both dismissal of the petition and cancellation of visitation rights.

The issues raised by the petition, answer and cross petition did not come on for trial until June 28, 1963— nearly 6 months after entry of the last order denying modification and more than 2 years following the decree of divorce which gave custody of the child into the hands of the grandmother. From an order awarding care, custody and control to the petitioning mother, the defendant father appeals. The father, in the order of modification, was granted visitation rights for alternate week ends and holidays and for a continuous month during the summer.

Of some nine assignments of error urged, we find only one point requiring extended discussion: Did the court properly limit the evidence relating to the fitness of respondent's home and herself as a mother to conditions and changes subsequent to the decree of divorce? All assignments of error, we think, merge into this one question.

Four separate factors govern the disposition of this appeal:

(1) The trial court found the plaintiff mother, on April 14, 1961, to be a fit and proper person to have custody of the infant son.

(2) The trial court found as a fact that, at the time of the divorce, the mother could not provide a fitting and proper home for the infant son.

(3) Placing the child in the custody and control of the paternal grandmother until such time as the mother "can make a showing that she has been able to establish a proper home" was, by its nature, merely a temporary award of custody to the grandmother and a temporary deprivation of the mother's physical custody of the child.

(4) To meet the conditions prescribed by the decree of divorce requisite to warrant transfer of full custody and

control to the mother required only a good and sufficient showing by the mother that she be able to furnish a fitting and proper home in which to rear the child.

■ Decrees of divorce as to alimony, care, custody, support and education of minor children may be modified, altered and revised by the court from time to time as circumstances may require. RCW 26.08.110. The best interests and welfare of the children assume paramount and controlling force in custody disputes with the claims and aspirations of their parents secondary and subsidiary to this paramount consideration. *Chatwood v. Chatwood*, 44 Wn. (2d) 233, 266 P. (2d) 782.

■ That part of a divorce decree granting custody becomes res judicata, and the facts upon which the decree rests ought not be re-examined save in exceptional circumstances. Such exceptional circumstances may consist of facts existing but not disclosed (17A Am. Jur., Divorce and Separation § 838); yet they ought to directly obviate the claimed change of circumstances upon which a change in custody is sought to be admitted in the modification hearing.

■ We consider the rule which limits the evidence to changes in circumstances occurring after the divorce, and to proof of events and conditions following entry of the divorce, a good one, and evidence relating to events and conditions prior to the divorce should be excluded save in exceptional and extraordinary circumstances. Only when it has appeared that the court has abused its discretion by limiting the evidence to subsequent events and conditions will the trial court's ruling be disturbed. *Gibson v. Von Olnhausen*, 43 Wn. (2d) 803, 263 P. (2d) 954; *White v. White*, 24 Wn. (2d) 52, 163 P. (2d) 137; *Schorno v. Schorno*, 26 Wn. (2d) 11, 172 P. (2d) 474. The main purpose of the rule limiting the evidence to conditions and events subsequent to the divorce decree is to avoid retrying the divorce case, to preserve finality in that which is res judicata. *Brim v. Struthers*, 44 Wn. (2d) 833, 271 P. (2d) 441.

By the terms of the decree of divorce, respondent needed to prove but one fact in order to acquire physical custody

of the child, *i.e.*, that she has been able to establish a proper home. We find no abuse of discretion in the trial court's limiting the evidence of this and of the issues raised by the cross petition to events, circumstances and conditions subsequent to the decree.

We find no merit in appellant's assignments of error concerning refusal of the court to admit in evidence certain documents offered by appellant, and, hence, we will not discuss them.

Judgment affirmed.

OTT, C. J., HILL and HUNTER, JJ., and MURRAY, J. Pro Tem., concur.