[No. 40850.     Department Two.     August 14, 1969.]

*In the Matter of the Application for a Writ of Habeas Corpus of* GILBERT MITCH RANKIN.

JOE LUTHER RANKIN, *Appellant,* v. JONI MARIE RANKIN FERRITER, *Respondent.**

*Milne & Peterson* and *K. D. Peterson,* for appellant.

*John R. Lewis,* for respondent.

*Reported in 458 P.2d 176.

ROSELLINI, J.—This is an appeal from the denial of a writ of habeas corpus, whereby the petitioner sought to obtain the custody of his son.

The history of the case is as follows: The respondent obtained a decree of divorce from the appellant in the courts of Nevada in April 1958. The parties were residents of California at the time the respondent was awarded custody of their only son, who was 2 years of age.

When the boy was 10 years old, and at the time when he and his mother were still residing in California, he was made a ward of the court; and the respondent was charged with neglect. She was suffering from a mental disorder at the time for which she underwent treatment and was eventually cured. Custody of the child was placed temporarily in the maternal grandparents, who reside in Grant County, Washington, and the California juvenile authorities sought the appellant, who had never paid child support, for the purpose of obtaining financial contributions for his support. The appellant was located and upon his application was given temporary custody of the boy.

While the boy was still a ward of the California juvenile court, the appellant petitioned the California court for modification of the Nevada decree. He attempted to serve the respondent by mail, but the attempt was abortive. In the meantime, in July 1968, the California juvenile authorities relinquished control and custody of the boy by an order which voided all prior orders in the matter.

During this time the respondent had remarried and moved to the state of Washington, where she established residence with her husband on a farm adjacent to that of her parents. After the California juvenile authorities relinquished custody of the boy, the respondent went to California and brought him back with her. This was accomplished on or about July 17, 1968. On August 1, 1968, the Alameda County court, in which the appellant had petitioned for modification of the Nevada decree, ordered republication of the summons in the modification matter, finding that the original publication had been defective.

The copy of the second summons which was mailed to

the respondent was apparently received by her. She defaulted and the California court modified the divorce decree, placing custody of the boy in the father.

Armed with the order modifying the divorce decree, the appellant came to Grant County and petitioned for habeas corpus on behalf of his son. The respondent was ordered to appear and show cause why the writ should not issue.

Evidence was presented showing the above facts and also showing that the respondent had taken good care of the boy throughout his life, with the exception of the period when she was suffering from a mental illness; that the appellant had shown no interest in him until he was contacted with a demand that he pay support money; that the respondent's present husband is very fond of the boy and willing to provide a home for him; and that the boy prefers to live on the farm with his mother and stepfather.

The trial court found that the California court did not have jurisdiction over the boy because he was not domiciled in California when the second summons was published which, by that court's own ruling, was the first effective publication, and further found that the best interests of the boy required that he be placed in the custody of his mother.

The appellant maintains that the trial court should have given full faith and credit to the California court's judgment. We need not consider the merits of this contention, since the judgment of the trial court can be sustained upon its second finding.

The appellant concedes the rule to be that, while a court must give full faith and credit to a judgment of a sister state having jurisdiction of the parties and of the subject matter (*In re Mullins*, 26 Wn.2d 419, 174 P.2d 790 (1946)), it can modify such a decree as to the custody of a child, just as it can modify one of its own decrees, if the child is presently domiciled within the state. *State ex rel. Marthens v. Superior Court*, 25 Wn.2d 125, 169 P.2d 626 (1946), is cited. As the appellant points out, it is said in that case that such a modification cannot be made in the

asylum state without a showing of changed circumstances. It is the contention of the appellant that the time lapse between the signing of the California default judgment and the hearing on the petition for writ of habeas corpus was so brief that no change of circumstances could possibly have occurred.

Without commenting on the correctness of this theory, we think that the court was entitled to make a finding concerning the welfare of the child and to modify the California judgment without finding that there had been a change in circumstances, the child being presently domiciled here. At the time the child was brought back to Washington by the respondent, she was legally entitled to his custody under the Nevada decree, the California juvenile authority having relinquished jurisdiction over him previously. The domicile of the child follows that of the parent having legal custody, provided the removal of the child is not prohibited in the decree awarding custody. *Sanges v. Sanges*, 44 Wn.2d 35, 265 P.2d 278 (1953).

It is true that in *State ex rel. Marthens v. Superior Court, supra,* we said that a change of circumstances must be shown before a modification of a custody decree can be ordered. However, that case involved a foreign decree which was entered after a full hearing. It was not a default decree such as the appellant relies upon in this case. Therefore, we were not called upon to pass upon the question whether a modification could be ordered without a showing of changed circumstances where the prior decree was based, not upon the evidence but upon the mere allegations of the moving party's petition.

Where a custody decree is entered upon default, the court has had no opportunity to observe the two contending parents upon the witness stand or to examine the evidence concerning their fitness and concerning the welfare of the child. It must accept the allegations of the petitioner or, at best, the uncross-examined testimony of the petitioner. Therefore, in such a case, the rule that a change of circumstances must be shown before a change of custody can be ordered does not have its usual efficacy. The

purpose of that rule is, of course, to discourage harassment of the parent who is awarded custody by the disgruntled parent who is denied it and to assure as much stability as possible in the environment of the child.

But the primary concern of the courts is always the welfare of the child. It would be unrealistic to assume that this concern can be served as well by a court which does not hear evidence and does not have an opportunity to observe both parents as it can by one in which the right of one parent to custody is contested by the other. Where the court in the prior hearing heard the evidence and observed the parties, it can be assumed that all of the circumstances *existing* at that time were made known to the court and a sound discretion was exercised. But where the prior decree was by default, no such assumption can be indulged.

It is for this reason that we have held in this state that a default custody decree can be modified without a showing of a change in circumstances. We so held in *White v. White*, 24 Wn.2d 52, 57, 163 P.2d 137 (1945). Having recognized that the general rule is that changed circumstances must be shown before a modification will be granted, we said:

> However, this being a default order, no finding was made as to the fitness of either parent to have custody of the child. The best interest of the child being the paramount concern of the court, we hold that in such a case, a petition to modify will lie without allegations of change of conditions and circumstances, since it constitutes the court's first opportunity to pass upon adequately presented evidence.

*Klettke v. Klettke*, 48 Wn.2d 502, 294 P.2d 938 (1956), was also a case involving a petition for modification of a default decree. This court said that it was not necessary to attach significance to the fact that the prior decree was entered after default, because the court always has the power to enter an order which promotes the welfare of the child. We recognized, however, that the general rule requires a showing of a change in circumstances, and in *Holten v. Holten*, 64 Wn.2d 203, 390 P.2d 982 (1964), we said that only under extraordinary circumstances will the court

consider facts which existed at the time the prior decree was entered. That language is consistent with the rule of *White v. White, supra,* that facts existing at the time of the earlier decree will be considered if that decree was entered upon default.

*See also Brim v. Struthers,* 44 Wn.2d 833, 271 P.2d 441 (1954) citing *White v. White, supra,* and impliedly recognizing that a prior decree as to custody is res judicata only if it is entered after a trial at which both parties were represented.

Here, the appellant does not suggest that the court's finding that the welfare of the child would be best served by placing his custody in his mother is unsupported by the evidence. He contents himself with an argument that a change of circumstances must be shown. The California judgment having been entered upon default and without a full hearing, the rule requiring a showing of a change in circumstances does not apply.

■ This action, of course, came before the court, not in the form of a petition for modification of a divorce decree but in the form of a petition for a writ of habeas corpus. Inasmuch as the evidence before the court would justify a modification of the decree upon which the petition was based, it justified the denial of the writ, since a good defense was shown. The welfare of the child is always the paramount consideration in habeas corpus proceedings involving the custody of a child. *Schreifels v. Schreifels,* 47 Wn.2d 409, 287 P.2d 1001 (1955). *See* 4 A.L.R.3d 1277, 1291 (1965).

It was within the power of the trial court, having jurisdiction of the parties and having heard the evidence concerning the welfare of the child, to deny the writ upon the ground that the child's best interest would be served by permitting his mother to retain his custody. The judgment is affirmed.

Hunter, C. J., Hill and Hale, JJ., and Donworth, J. Pro Tem., concur.