[No. 1064-1.   Division One—Panel 2.   July 10, 1972.]

GLORIA J. WOOD, *Respondent*, v. CHARLES E. WOOD, *Appellant*.

.Wendells, Froelich & Power, Alan L. Froelich, and Layton A. Power, for appellant.

*Hansen & Blackburn* and *John R. Blackburn,* for respondent.

SWANSON, J.—Charles E. Wood appeals from a trial court order restoring physical custody of his 4½-year-old son to the child's mother, respondent Gloria J. Wood, and modifying the divorce decree by changing his son's legal custody from himself to the respondent and increasing child support.

The decree of divorce confirmed a property and custody agreement which stated as to custody:

> It is agreeable that the legal custody be granted to Charles Wood. Extended physical custody shall be given to Gloria, while Charles is over-seas and for such period of time after his return to the United States as required by circumstances.[1]

The record indicates that when the divorce decree was entered, Charles was stationed on military active duty in Thailand, and the child was in Gloria's physical custody. After Charles returned from Southeast Asia and had the boy in his custody for a visit, he suddenly left the United States and took the child with him to Germany, his next duty station. Thereafter, Gloria petitioned to modify the divorce decree alleging that the best interest of the child would be served by his custody being granted to her.

The trial court modified the decree of divorce to grant legal and physical custody of the child to Gloria and ordered Charles to pay Gloria $75 per month as child support. The trial court also ordered that the original decree of divorce be interpreted to mean that Gloria was intended to have physical custody of the child whenever Charles was overseas. This appeal followed.

█ The appellant father argues that it was error for the trial judge to receive evidence related to the intention of

---

[1]It is not clear from the decree what this rather unusual division of "legal" and "physical" custody between the two spouses was intended to mean. For a discussion indicating the purpose of such a division in custody, *see Wells v. Wells,* 43 Wn.2d 531, 261 P.2d 971 (1953); *Allen v. Allen,* 28 Wn.2d 219, 182 P.2d 23 (1947).

the parties when the original divorce decree was entered, inasmuch as there was nothing in the wife's petition specifically requesting the court to interpret or clarify the decree. We disagree. The respondent wife in her petition claimed that she had been unjustly deprived of the physical custody of the child in violation of the divorce decree, whereas the appellant father asserted that his taking of the child to Germany was consistent with that decree. In short, the meaning of the decree was in dispute and before the trial court. Moreover, where, as here, the custody provisions are left somewhat ambiguous such that custody is determined "as required by circumstances," the trial court properly may interpret or clarify the decree containing such provision. *See Rivard v. Rivard,* 75 Wn.2d 415, 451 P.2d 677 (1969); *Paulson v. Paulson,* 37 Wn.2d 555, 225 P.2d 206 (1950). Nevertheless, appellant urges that the trial court erred in considering evidence relating to matters occurring prior to the entry of the divorce decree. In the absence of a manifest abuse of discretion on the part of the trial court, this contention is answered by what is said in *Brim v. Struthers,* 44 Wn.2d 833, 836, 271 P.2d 441 (1954), and cases cited therein:

> Because of the nature of the issue, whenever the custody of children is involved, the court may receive and consider competent and relevant evidence of the propriety of the parties as custodians, without any arbitrary time limitations.

We have reviewed the record and conclude that the trial court did not abuse its discretion in considering evidence relating to matters occurring prior to the entry of the divorce decree but relating to custody. There is substantial evidence to support the court's conclusion that the parties in the case at bar intended that the child not be taken overseas to reside with his father and, specifically, to support the trial court's statement in finding of fact 2 as follows:

> That said taking Adam [the child] overseas is contrary to the provision in the Decree of Divorce, contrary to the

provision set forth in the Property Settlement Agreement and is also contrary to what Charles Wood frequently advised his wife, in effect that he would not take Adam from Gloria Wood.

Appellant also contends that the trial court erred in ordering modification of the custody provisions of the divorce decree because there is insufficient evidence to bring the trial court's finding of changed conditions within the rule that such modification does not lie unless based upon a substantial change in conditions since the entry of the original decree and a showing that the child's welfare will be promoted by the change in custody. *Barstad v. Barstad,* 74 Wn.2d 295, 444 P.2d 691 (1968); *Cumbie v. Cumbie,* 61 Wn.2d 669, 379 P.2d 918 (1963). Although the record is meager on this issue, it contains substantial evidence to support the trial court's finding of fact 6 as follows:

> That there have been changes in the conditions of the parties in that at this time the plaintiff-wife's finances are better than they were at the time of entry of the Decree of Divorce, her health is better and her living arrangements are better and more stable. And further, the boy, Adam, is presently living in a foreign country, contrary to the intention of the parties at the time of the entry of the Decree of Divorce.

Therefore we conclude that there is sufficient evidence of changed conditions to support the trial court's order modifying the divorce decree to award legal, as well as physical, custody of the parties' child to the respondent wife; however, we agree with the appellant husband that there is not sufficient evidence of changed conditions to support the trial court's order modifying the divorce decree to increase the child support payments by appellant to respondent from $60 to $75.

The trial judge made no finding to support his conclusion that the support payments should be increased. Indeed, finding 6 supports an opposite conclusion inasmuch as it indicates, consistent with the evidence presented at trial, that the respondent wife's financial condition has improved since the entry of the original decree. Further, there was

256

nothing in the wife's petition indicating that she was requesting an increase in support payments, although she testified at the trial that $75 would be an appropriate amount for such payments in the event she was awarded full custody of the child. Consequently, the appellant husband had no notice that the respondent wife sought any relief in addition to that relating to custody prayed for in the petition. It is entirely possible that had the husband known that the wife sought such additional relief, he would have appeared to testify in person at the trial, rather than appearing as he did through his attorney alone.

Affirmed in part; reversed in part.

FARRIS, A.C.J., and PETRIE, J., concur.

Petition for rehearing denied October 5, 1972.