**FILED**
**DECEMBER 31, 2019**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In re the Custody of | ) | No.  36581-6-III |
| | ) | |
| E.E. and M.W. | ) | |
| | ) | |
| Minor children, | ) | |
| | ) | |
| BRANDI SMITHERS, CHERI | ) | |
| and PETER JOHNSON, and | ) | UNPUBLISHED OPINION |
| JANA JOHNSON, | ) | |
| | ) | |
| Appellants, | ) | |
| | ) | |
| SARINA J. FAHRNER-PIRKEY and | ) | |
| MICHAEL D. PIRKEY, | ) | |
| | ) | |
| Respondents. | ) | |

LAWRENCE-BERREY, C.J. — Four relatives of two children appeal the trial court's denial of their motion for adequate cause to modify separate nonparental custody orders. We conclude the trial court abused its discretion by misapplying the law and by not considering or improperly discounting relevant evidence. We reverse and direct the trial court to grant the relatives' motion for adequate cause.

FACTS

This case involves several family members who either support or oppose modifying two nonparental custody (NPC) orders. We begin by describing how the key family members are related.

No. 36581-6-III
*In re Custody of E.E. & M.W.*

*Key family members*

The family matriarch is Joy Fahrner, who is now 82 years old. From 1957 until 1971, she was married to Al Fox. Their marriage produced five children. Two of the children are deceased. The living children are Sarina Pirkey, 61, Cheri Johnson, 58, and Jana Johnson, 57. Sarina is married to Michael Pirkey. Cheri is married to Peter Johnson. Jana is single.

Sarina has a daughter, Brandi Smithers. Brandi is the mother of E.E., an 11 year-old-boy. Jana has a daughter, Sarah Wilshire. Sarah is the mother of M.W., a 9-year-old girl.

For the reader, we provide the following chart to summarize these relationships:

| Great Grandma | Grandmas/Great Aunts | Mothers | Children |
|---|---|---|---|
| Joy | Sarina (Michael Pirkey) Cheri (Peter Johnson) | Brandi Smithers | E.E. (11) |
| | Jana Johnson | Sarah Wilshire | M.W. (9) |

*The prior Grant County NPC orders*

In July 2015, the Grant County Superior Court entered an agreed NPC order, granting custody of E.E. to Sarina and Michael (the Pirkeys). As part of this order, E.E. was to reside in the Pirkeys' home, and Brandi was granted visitation on Monday and Tuesday nights in addition to unlimited telephone contact.

2

In November 2016, the Grant County Superior Court entered a final NPC order, finding Sarah Wilshire to be an unfit parent and granting custody of M.W. to the Pirkeys.

*November 2018 motion to modify NPC orders*

In November 2018, Cheri, Peter, Jana, and Brandi (the four relatives) filed a petition in Douglas County Superior Court to modify the two NPC orders. The petition listed numerous reasons why E.E.'s and M.W.'s living situation had become harmful to them. The claims included the Pirkeys not allowing Brandi any contact with her son, undermining the children's relationship with their mothers, not allowing contact between the children and the rest of the family, and withdrawing the children from important social contacts by homeschooling them. The four relatives requested custody be changed to Cheri, Peter, and Jana.

The four relatives filed 12 declarations in support of their petition, including a declaration by Dr. Mary Dietzen, a well-qualified psychologist with more than 40 years of experience. Dr. Dietzen did not meet with the children, but based her opinion on information given to her by Peter and Cheri, including text messages between the relatives and the Pirkeys, and nearly one year of counseling records from Dr. Terri Greer, the children's counselor. Based on this information, Dr. Dietzen opined that E.E.'s mental and emotional development was being harmed by feelings of abandonment due to

the Pirkeys' refusal to allow Brandi to contact him. Additionally, Dr. Dietzen described

emotional and mental harm caused to the children because of the Pirkeys' choices to

isolate them. Specifically, the Pirkeys refused to allow the children to have contact with

other family members, including their mothers, and interfered with other social

relationships by homeschooling them. Dr. Dietzen concluded:

> In summary, I believe there are enough "red flags" in this case that the Court should intervene. *Outside of cases involving children suffering from physical trauma, this is one of the most egregious cases that I have seen of children suffering from emotional trauma.* And, if the information that I have been provided is determined to be valid, then I believe that there are sufficient grounds for a change of custody. I believe that the Court should find adequate cause and appoint a [guardian ad litem (GAL)] to gather more information to assist the Court on what is in the best interest of [E.E] and [M.W.].

Clerk's Papers (CP) at 52 (emphasis added).

Along with this declaration, the petitioners filed several other declarations,

including declarations from Joy, Cheri, Peter, Jana, Brandi and Sarah. Most of these

declarations raise serious issues about Sarina's ability to properly parent. The

declarations mostly describe events that occurred before E.E.'s and M.W.'s NPC cases,

including events 30 to 40 years in the past. While the specifics need not be discussed

here, we note that these declarations discuss incidents not raised in either Grant County

NPC case.

4

No. 36581-6-III
*In re Custody of E.E. & M.W.*

In response to the petition, Sarina filed a two-page declaration in which she generally denied the incidents and explained that her decisions to disallow contacts with other relatives and school children were based on advice from the children's counselor, Dr. Greer. We note the Pirkeys chose not to include a declaration from Dr. Greer.

In December 2018, the trial court issued a written decision denying the appellants' motion for adequate cause. In its decision, the court noted that evidence in M.W.'s contested case was inconsistent with the current declarations, and that the appellants had an opportunity in both previous cases to voice their concerns. The trial court discounted Dr. Dietzen's declaration because she had not interviewed the children. The court wrote: "*[E]xcluding those issues that either were known or should have been known by the Trial Court in the Grant County matters*, [this Court] finds little or no evidence sufficient to provide adequate cause for the present hearing." CP at 163 (emphasis added).

The four relatives timely appealed.

ANALYSIS

The four relatives argue the trial court abused its discretion by denying their motion for adequate cause. Specifically, they contend the trial court applied the wrong legal standard by excluding facts not considered by the Grant County courts and abused

5

its discretion by discounting Dr. Dietzen's unrebutted professional opinion. We mostly agree.

A trial court's determination on adequate cause is reviewed for abuse of discretion. *In re Parentage of Jannot*, 149 Wn.2d 123, 126-27, 65 P.3d 664 (2003). Abuse of discretion is found only when the decision is "'manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.'" *State v. McCormick*, 166 Wn.2d 689, 706, 213 P.3d 32 (2009) (quoting *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971)). Untenable reasons include errors of law. *Cook v. Tarbert Logging, Inc.*, 190 Wn. App. 448, 461, 360 P.3d 855 (2015).

Modification of nonparental custody orders is governed by chapter 26.09 RCW. RCW 26.10.190(1). When seeking to modify a custody decree, a party must submit supporting affidavits that set forth facts supporting the motion. RCW 26.09.270. The opposing party may file responsive affidavits. RCW 26.09.270. The court must deny the motion unless it finds that adequate cause for hearing the motion is established by the affidavits. RCW 26.09.270.

RCW 26.09.260(1) describes the evidence trial courts may consider when deciding whether to modify a custody order. According to the statute, courts may only consider

6

"facts that have arisen since the prior decree or plan *or [facts] that were unknown to the court at the time of the prior decree or plan . . . .*" RCW 26.09.260(1) (emphasis added).

Typically, when entering a custody order, it is presumed the trial court made its decision based on knowledge of all existing circumstances. *In re Habeas Corpus of Rankin*, 76 Wn.2d 533, 537, 458 P.2d 176 (1969). This presumption allows the trial court, in a modification hearing, to limit the scope of inquiry to only facts that have arisen since the original order. However, as explained in *Rankin*, this presumption does not apply in certain circumstances. In *Rankin*, the court reviewed a custody order originally entered by a default judgment. *Id.* at 536-37. The *Rankin* court held that the standard presumption did not apply when the custody order was entered after a default judgment. The court explained, in the default setting,

> [T]he [trial] court has had no opportunity to observe the two contending parents upon the witness stand or to examine the evidence concerning their fitness and concerning the welfare of the child. [In the default setting, the trial court] must accept the allegations of the petitioner or, at best, the uncross-examined testimony of the petitioner.

*Id.* at 536.

The *Rankin* rule was expanded in *In re Marriage of Timmons*, 94 Wn.2d 594, 617 P.2d 1032 (1980). In *Timmons*, the court held that the *Rankin* rule applied in cases where the original custody order was uncontested. *Timmons*, 94 Wn.2d at 598. "We conclude

7

that, because of the continuing paramount concern for the best interests of the child, the rationale for the *Rankin* rule equally applies when the parties join in a petition." *Id.* The court held "unknown facts" under RCW 26.09.260 included predecree facts when the parties agreed to the custody order. *Timmons*, 94 Wn.2d at 599-600.

The four relatives' motion sought to modify two different NPC orders. The NPC order for M.W. was tried before the Grant County Superior Court. The NPC order for E.E. was agreed between Brandi and the Pirkeys.

Here, because the NPC order for E.E. was agreed, the *Rankin* rule applies. The trial court misapplied the law by not considering facts unknown to the E.E. trial court. The Douglas County trial court should have considered those facts, which detail substantial concerns about Sarina's ability to parent E.E. and M.W.

When determining whether adequate cause exists for a motion to modify a custody order, the trial court makes a threshold determination whether the moving party's evidence results in "'something more than prima facie allegations which, if proven, might permit inferences sufficient to establish grounds for a custody change.'" *In re Parentage of Jannot*, 110 Wn. App. 16, 23, 37 P.3d 1265 (2002) (quoting *In re Marriage of Roorda*, 25 Wn. App. 849, 852, 611 P.2d 794 (1980)), *aff'd*, 149 Wn.2d 123 (2003). As explained below, the declarations provided by the four relatives met this standard.

8

The declarations recite postdecree facts that establish substantial concerns—concerns relating to Sarina's decision to isolate the children. The trial court did not discuss these concerns in its written decision. In addition, the trial court discounted Dr. Dietzen's opinions, solely because she had failed to speak to the children. Her failure was understandable. We doubt the Pirkeys would have permitted Dr. Dietzen to speak to the children, which is why Dr. Dietzen emphasized the need for the court to appoint a guardian ad litem to investigate the allegations. Also, the Pirkeys did not move to strike Dr. Dietzen's declaration. Such a motion would have been denied: An expert witness, such as Dr. Dietzen, could rely on inadmissible hearsay if such evidence is the type reasonably relied on by similar experts. ER 703; *Driggs v. Howlett*, 193 Wn. App. 875, 900, 371 P.3d 61 (2016).

Dr. Dietzen based her opinions on discussions with Cheri and Pete, text messages between the relatives and the Pirkeys, and nearly one year of counseling notes by Dr. Greer. Dr. Dietzen opined that the present case was one of the most egregious cases of children suffering from emotional trauma she had seen in her 40 years of professional experience. The Pirkeys did not contest Dr. Dietzen's opinion by having Dr. Greer provide a counter-declaration. Given Dr. Dietzen's unrebutted professional opinion, it

9

No. 36581-6-III
*In re Custody of E.E. & M.W.*

was manifestly unreasonable for the trial court to find that Dr. Dietzen's opinion failed to meet the adequate cause threshold for both NPC orders.

In summary, the trial court abused its discretion by misapplying the law with respect to modifying E.E.'s NPC order. It also abused its discretion by finding that Dr. Dietzen's opinion was inadequate to meet the adequate cause threshold with respect to both NPC orders. We reverse the trial court and direct it to grant the four relatives' motion for adequate cause.

Reversed and remanded.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Lawrence-Berrey, C.J.

WE CONCUR:

Korsmo, J.

Fearing, J.

10