[No. 32379. Department One. June 12, 1953.]

BERNARD F. PALMER, *Respondent*, v. KATHLEEN A. PALMER, *Appellant.*[1]

*Max R. Nicolai*, for appellant.

*L. C. Brodbeck*, for respondent.

[1]Reported in 258 P. (2d) 475.

OLSON, J.—Before the entry of the decree divorcing these parties, they agreed that the custody of four minor children should be awarded to them jointly, but that the children should live with plaintiff, except during stated vacation periods when they should be with defendant. This agreement was followed in the custody provisions of the decree entered June 18, 1951. Both parties petitioned for modification of these provisions in this proceeding.

The trial court denied defendant's petition because of her failure to prove her fitness to have the children. It granted plaintiff's prayer for sole custody of all the children, and restricted visitation of them by defendant. She has appealed.

█ Under our well-established rules that, on appeal, the findings and conclusions of the trial court are entitled to great weight, she cannot be successful unless she can show a patent abuse of discretion by the trial court which will cause us to disturb its findings. *Lorang v. Lorang, ante* pp. 539, 541, 256 P. (2d) 481 (1953), and case cited. This she has not done regarding three of the children, the two oldest and the youngest.

But, by the statement of defendant and the admission of plaintiff, the third child, a boy now about three years of age, is not plaintiff's child. There is no dispute between the parties that he was born while the parties were husband and wife, and they agree that he was conceived while the parties were separated and that his father is the present husband of defendant.

█ The presumption that a child born during wedlock is legitimate is strong, but it is rebuttable. *Carfa v. Albright*, 39 Wn. (2d) 697, 700, 237 P. (2d) 795 (1951), and cases cited. It is rebutted conclusively in this case, and the trial court found that defendant's present husband is the putative father (meaning "reputed father," 3 Bouvier's Law Dictionary (3d Rev.) 2774) of this child.

The court was in error in referring to plaintiff as "the father of said children," in its findings of fact.

█ A divorce action is a statutory proceeding, and the court has no jurisdiction that cannot be inferred from a

broad interpretation of the statutes. *Arneson v. Arneson*, 38 Wn. (2d) 99, 100, 227 P. (2d) 1016 (1951). These are contained in the divorce act of 1949. RCW, chapter 26.08 [*cf.* Laws of 1949, chapter 215, p. 698, Rem. Supp. 1949, § 997-2 *et seq.*].

The act contains no provision authorizing an adjudication other than of "the custody, support and education of the minor children of such marriage." RCW 26.08.110 [*cf.* Rem. Supp. 1949, § 997-11]. The section regarding modification of divorce decrees refers to the minor children of the marriage. RCW 26.08.160 [*cf.* Rem. Supp. 1949, § 997-16].

Had this third child been born to defendant as the issue of a former marriage and not been adopted by plaintiff, the lack of jurisdiction to determine his custody in a divorce action between plaintiff and defendant might be more clear, but it would not be more real. He is not a child of the marriage of the parties to this divorce action. The issue of his custody is beyond the scope of the divorce act and, consequently, beyond the jurisdiction of the court in this cause.

The true paternity of this child was known to both parties before the divorce decree was entered, but neither of them disclosed it to the court at that time. (Their present counsel did not then appear for them, and it is not to be implied that any attorney was a party to the concealment.) Because they concealed that fact, the court erroneously determined that the custody of this child was within the subject matter of the action then before it, and entered a decree regarding it. This present proceeding is brought in that action, by and between both parties to it. It has resulted in the proof, without objection, of an error and its source. The error pertains to the jurisdiction of the court upon a matter placed in issue by the parties.

We need not decide whether or not any procedural objection ever can be urged successfully against the correction of such an error by this kind of proceeding. None is before us. In this case, the error cannot be permitted to persist.

The unavoidable result of our conclusions is that, between the parties to this action, the mother of this child will have his custody. We do not decide whether or not proper proceedings should be brought to determine either the propriety of defendant as his custodian or her present husband's legal relationship to him. If and when either of those issues is raised, it should be decided upon the evidence then presented, without any intimation that we have reached a conclusion regarding it.

We are not unmindful of our recent decision in *Eickerman v. Eickerman, ante* p. 165, 253 P. (2d) 962 (1953), but distinguish it from the case at bar, first, on the facts. There the natural father made a written agreement granting the custody of the children to his wife, who was not their mother. Here the agreement of the parties was for joint custody of the child in question, and neither party completely relinquished it to the other. The cited case did not decide that the father had waived his rights, but did hold that, upon the facts, he could not escape his agreement by merely changing his mind. Second, and more important, the question of jurisdiction of the children in the divorce action was not considered or decided in the cited case.

In this case, because of the nature of the facts involved, we direct the trial court to correct its findings of fact and conclusions of law and to modify the judgment appealed from, to show that plaintiff is not the father of the third child, and that the custody of that child is not before the court in this proceeding.

As modified, the judgment is affirmed. Neither party shall recover costs on this appeal.

Grady, C. J., Mallery, Hill, and Weaver, JJ., concur.