[No. 36258.    Department One.    January 3, 1963.]

Owen D. Mooney, *Plaintiff*, v. American Mail Line, Ltd., *et al.*, *Respondents*, Fraser's Boiler Service, Inc., *Appellant*.*

*Lycette, Diamond & Sylvester* and *Ralph M. Bremer*, for appellant.

*Bogle, Bogle & Gates*, by *Robert V. Holland* and *Walsh & Margolis*, by *Robert J. Hall*, for respondents.

Rosellini, J.—On December 2, 1958, the plaintiff was employed as a seaman aboard the SS *India Mail*, a ship belonging to the defendant American Mail Line, Ltd., and was engaged with others in removing bags of soiled linen while the ship was in port at Seattle. His duties in this respect required that he lift the bags from the floor of a passageway which opened onto the deck, and pass them through the door to another seaman outside. In so doing he tripped over a hose, called a burner lead, which

*Reported in 377 P. (2d) 429.

was lying on the floor of the passageway, when it was jerked or pulled by some unknown person, and sustained the injuries for which damages were sought in this action.

As defendants, in addition to his employer, he named Puget Sound Bridge & Dredging Company, Inc., which had contracted to perform certain repairs while the ship was in port, and Fraser's Boiler Service, Inc., a subcontractor which had undertaken to perform the specified boiler repairs.

After the introduction of a part of the plaintiff's evidence, the defendants agreed that he was entitled to recover and prorated the agreed amount among themselves. The plaintiff was paid; the jury was dismissed; and the trial was continued to the court for the purpose of ascertaining, if possible, where the primary liability lay. After hearing all of the evidence, the court entered findings of fact whereby it found that the burner lead belonged to the defendant Fraser's Boiler Service, Inc., (hereafter referred to as Fraser) and was laid by its employees; that at the time of the accident, personnel of Fraser were engaged in using the burner lead in the engine room; and that it was the negligent jerking of the lead by one of these employees which caused the plaintiff to trip and fall. The court further found that the other defendants were free of negligence.

It was accordingly concluded by the court that Fraser was solely responsible for the injury to the plaintiff and should reimburse the other defendants for the amounts that they had paid to the plaintiff.

In appealing from the judgment entered on these findings and conclusions, Fraser assigns error to the finding of the court that the burner lead was jerked by one of its employees. It contends that such a finding could be only the product of speculation inasmuch as (1) it was never shown how the lead was jerked, (2) the evidence tended to establish that the jerking of the lead could not have originated in the boiler room because the lead was secured to pipes and gratings between the passageway and the boiler room,

and (3) there were other persons going in and out of the passageway who could have caused the jerking. We assume, without deciding, that there is merit in this contention.

However, in their argument in support of the judgment, the respondents call the court's attention to its well-established rule that the judgment of the trial court will be sustained on any theory set forth in the pleadings and supported by the proof, citing *LaHue v. Coca Cola Bottling, Inc.,* 50 Wn. (2d) 645, 314 P. (2d) 421. As it is stated in *Heinlen v. Martin Miller Orchards,* 40 Wn. (2d) 356, 242 P. (2d) 1054, although the ruling of the trial court may be based upon an erroneous ground, it will be sustained if it is correct upon any ground.

The plaintiff alleged in his complaint that the defendant Fraser was negligent in causing its burner leads to be scattered about the passageways without any protection against their being pulled or jerked into a tripping position.

It was established by the evidence that it was the custom of Fraser's employees to secure such leads overhead where possible and that it was possible to do so in this case. It was also shown that Fraser's employees knew that there was a danger that persons working on the ship might trip over the leads and be injured if the leads were laid on the floor. Regardless then, of who jerked the lead or how it was caused to be jerked, the harm that befell the plaintiff was foreseeable and could have been avoided had the employees of Fraser followed their customary procedure of securing the lead overhead in the passageway.

Since the evidence showed that the accident was caused by the negligence of Fraser, and there is no contention that either of the other defendants was negligent, the judgment must be affirmed.

It is so ordered.

FINLEY, C. J., HILL, and WEAVER, JJ., concur.