[No. 38305. En Banc. June 16, 1966.]

THE CITY OF KIRKLAND, *Respondent*, v. A. J. STEEN *et al.,* *Appellants.*\*

\*Reported in 416 P.2d 80.

*Charles O. Carroll, James E. Kennedy,* and *William L. Paul, Jr.,* for appellants.

*Ralph I. Thomas,* for respondent.

*Lycette, Diamond & Sylvester,* by *Lyle L. Iversen,* amicus curiae.

DONWORTH, J.—This is an appeal from a judgment entered after the trial court had granted plaintiff's motion for a summary judgment in an action instituted by the city of Kirkland, a city of the third class, seeking a declaratory judgment as to the applicability and validity of § 7 of ch. 302, Laws of 1959[1] (RCW 35.86.070) requiring the payment of certain sums to the county treasurer "in lieu of real property taxes" because of its ownership and operation of certain off-street parking space and facilities for motor vehicles.

RCW 35.86.070 provides:

Such cities and/or their lessees shall pay to the county treasurer and to the state treasurer moneys in lieu of real property taxes equal to the amounts which would be paid upon real property condemned pursuant to this chapter were it in private ownership.

In the prayer of its complaint, the city asked for the following relief:

(a) That Chapter 302, Laws of 1959, and Section 7 of said Chapter (RCW Chapter 35.86 and RCW 35.86.070) be found and held to be unconstitutional;

(b) That said statute be found to be inapplicable as to the herein described property of the City of Kirkland;

(c) That a declaration of rights of the parties hereto under said statute be made;

---

[1]This entire chapter has been re-enacted by Laws of 1965, ch. 7, without change which is relevant to the decision in this case.

(d) That the defendants be enjoined from levying or collecting, or attempting to levy or collect, or assert the right to receive, such "in lieu tax payments" as to said property of the City of Kirkland;

(e) For such other and further relief as to the court seems equitable and proper.

Named as defendants were King County, its then assessor, county treasurer, and board of commissioners, and also the state of Washington and its then treasurer.

Shortly after the filing of the complaint, the city moved for a temporary injunction restraining the county and its treasurer pendente lite from setting off and withholding from their monthly remittance of taxes to the city the amount ($4,648.32) claimed to be due the county under RCW 35.86.070. After a hearing, this temporary injunction was granted and is still in effect.

Defendants' amended answer admitted all well pleaded facts alleged in the complaint and set up certain affirmative defenses.

All defendants (except the state and its treasurer) moved for summary judgment in their favor. We shall refer to these defendants collectively as the county. The parties entered into a stipulation as to the city's acquisition and ownership of the land involved in this action and to the correctness of the minutes of certain meetings of the city council. No affidavits were filed in support of, or in opposition to, the motion.

Plaintiff city likewise moved for summary judgment in its favor.

After hearing arguments of counsel with respect to the two motions the trial court granted plaintiff's motion for summary judgment. In its order, the trial court held that RCW 35.86.070 was unconstitutional because it imposed what amounts to a property tax on real property owned by the city. From the statements made in the briefs in this court, we assume that the trial court held that § 7 of the act was in violation of art. 7, § 1 (amendment 14), of the state constitution, which provides:

Property of the United States and of the state, counties, school districts and other municipal corporations . . . shall be exempt from taxation.

The trial court's judgment, from which this appeal is taken (after reciting that the city's motion had been granted), states:

It is hereby ordered, adjudged and decreed:

1. That all of the defendants herein be and they hereby are permanently restrained and enjoined from collecting or attempting to collect or to enforce payment by set-off or any other method any and all sums claimed to be due or to become due the treasurers for King County and the State of Washington for payments in lieu of real estate taxes under Section 7, Chapter 302, Laws of 1959 (RCW 35.86.070) as to the real property owned by the City of Kirkland described in plaintiff's complaint.

In support of its appeal, the county has made the following three assignments of error:

1. The trial court erred in determining that RCW 35.-.86.070 levied a general ad valorem real estate tax on municipal off-street parking facilities of plaintiff and therefrom determining plaintiff is exempt from the exaction of excise, and the action should have been dismissed.

2. The trial court erred in not determining that RCW 35.86.070 is an excise or license fee imposed by the legislature to facilitate the use of state and local highways and streets, and is not within the prohibition of Article 11, Section 12, and the action should be dismissed.

3. The trial court erred in determining the issue raised by plaintiff that RCW 35.86.070 is in violation of Article 7, Section 1, of the Constitution because plaintiff has no standing to sue, and the action should be dismissed.

■ The county, in its third assignment of error, asserts that the city has no standing to challenge the constitutionality of § 7 of the act. The county's argument in support of this assignment is based upon the rule that a municipality may not challenge the validity of an act of the legislature imposing obligations upon it. See *Bennett-Ireland, Inc. v. American Aluminum Prods. Co.*, 59 Wn.2d 670, 674, 369 P.2d 957 (1962), and cases cited therein.

However, in our opinion, the present case comes within the exception to this rule, to wit, that "legislative authority over counties is unlimited except as that limitation is found in the state constitution." *State ex rel. Board of Comm'rs of Pierce Cy. v. Clausen,* 95 Wash. 214, 223, 163 Pac. 744 (1917).

The city's complaint asserts that its right to have the collection of money "in lieu of real property taxes" under the statute enjoined is based upon Const. art. 7, § 1, quoted above. Therefore, the cases relied upon by the county to establish that the city has no standing to maintain this action do not apply to the present action.

This is, however, an unusual problem presented here. The city's complaint alleged that:

Chapter 302, Laws of 1959, including Section 7 thereof, is not applicable as to the above described property of the City of Kirkland for the following reasons:

(a) The property of the City of Kirkland, the socalled "parking facility", is not operated by private lessee or for profit;

(b) Said property was not acquired by the City of Kirkland by condemnation;

(c) Said property was acquired and improved prior to the enactment of said statute;

(d) Said property has been used for free off-street parking by the general public since prior to the enactment of Chapter 302, Laws of 1959, and portions of said land have been used for free public parking since prior to its acquisition by the City of Kirkland; . . . .

In the prayer of its complaint (quoted above), it is to be noted that the relief requested by the city included a judicial determination that:

. . . said statute be found to be inapplicable as to the herein described property of the City of Kirkland.

The county's amended answer admitted "all facts of the complaint well pleaded" and the stipulation of the parties above referred to showed that there was no issue as to any material fact.

The trial court, in granting the city's motion for summary judgment and in entering its judgment, made no reference

to the question thus raised as to the applicability of the provisions of Laws of 1959, ch. 302, to the city's off-street parking space or to its liability for the payment of money "in lieu of real estate taxes" with respect thereto.

Without passing upon this legal question, the trial court held that § 7 of the act was unconstitutional because it imposed what amounted to a property tax on the city's off-street parking space and permanently enjoined the county and its officers from attempting to collect the alleged tax or enforcing payment thereof by set-off or otherwise.

It is undisputed (in fact it is so stated in the county's brief) that the city acquired fee title to the parking lot in question by negotiation prior to 1959. In respondent's brief, it is stated that the land for the parking space was acquired *by purchase* in 1937, and that, at some time prior to 1956, it was improved without expense to the city by the installation of hardtop surfacing, overhead lights, curbs and painted car stalls. No charge for parking has ever been made, but the city enforces its 2-hour maximum parking limit.

 Under these undisputed facts, the trial court should have first passed upon the applicability of the statute to the city's off-street public parking space before determining the constitutional validity of the statute. The provisions of the statute (see §§ 1, 3, and 7) purporting to authorize the county to collect money "in lieu of real property taxes" apply only to "real property condemned pursuant to this chapter." The words "this chapter" refer to Laws of 1959, ch. 302, and particularly to § 1 and § 3 thereof, which authorizes the city to condemn private property for off-street parking space and declares such use to be a public use.[2]

If the act does not apply to the city's land in this case because it was *not* condemned pursuant to the 1959 act, the trial court was not called upon to consider the constitutional question raised by the pleadings.

 It is a basic rule of judicial restraint that the issue of the constitutionality of a statute will not be passed upon if the case can be decided without reaching that issue. *Ohn-*

[2]See *In re Auburn,* 65 Wn.2d 560, 398 P.2d 723 (1965).

*stad v. Tacoma,* 64 Wn.2d 904, 395 P.2d 97 (1964). If there were issues in the pleadings and facts which would have made the constitutional issues irrelevant, the trial court should have reached these issues first. A declaratory judgment which holds a statute unconstitutional when it is unnecessary to decide that issue is merely an advisory opinion. See *DeGrief v. Seattle,* 50 Wn.2d 1, 297 P.2d 940 (1956).

█ Furthermore, we have many times held that the trial court's judgment will be affirmed if the result reached is supported by any legal reason within the pleadings, the facts, and the applicable law. See *Mooney v. American Mail Line, Ltd.,* 61 Wn.2d 181, 377 P.2d 429 (1963); *LaHue v. Coca Cola Bottling, Inc.,* 50 Wn.2d 645, 314 P.2d 421 (1957).

In the present case, the undisputed facts, when considered in the light of the specific language of the statute (which is clear and unambiguous) point to only one possible result, to wit, that the city's land used for off-street parking is specifically excluded from the operation of the act, because, as pointed out above, it was acquired by purchase (and not by condemnation) many years prior to the passage of the 1959 act.

We wish to make it clear that we neither approve nor disapprove of the substance of the trial court's ruling on the constitutionality of this tax (payment of money in lieu of real property taxes under § 7 of the act) because we do not reach and do not decide the constitutional issue raised by the city in this case. We, accordingly, do not have occasion to discuss the arguments made in the brief of amicus curiae.

The order of the trial court granting summary judgment is hereby modified to exclude paragraph 1, which reads:

1) That Section 7 of Chapter 302, Laws of 1959, imposes what amounts to a property tax on property owned by the City of Kirkland as described in its complaint in this cause, and said section is therefore unconstitutional. That such unconstitutionality does not affect the remaining sections of Chapter 302, Laws of 1959.

The trial court is directed to insert in its order in lieu thereof, a new paragraph 1 which shall read:

1) That the real property owned by the City of Kirkland which King County is attempting to tax pursuant to Section 7 of Chapter 302, Laws of 1959, was not condemned pursuant to Chapter 302, Laws of 1959, and, therefore, such taxation is not authorized by Section 7.

The trial court's order of summary judgment is affirmed as modified.

The judgment of the trial court based on its order is hereby affirmed.

ALL CONCUR.