[No. 38371. En Banc. June 16, 1966.]

THE CITY OF SEATTLE, *Respondent*, v. THE COUNTY OF KING *et al.*, *Appellants*.*

*Charles O. Carroll, James E. Kennedy*, and *William L. Paul, Jr.*, for appellants.

*A. L. Newbould* and *John A. Hackett*, for respondent.

*Lycette, Diamond & Sylvester*, by *Lyle L. Iversen*, amicus curiae.

DONWORTH, J.—This is a companion case to *Kirkland v. Steen, ante* p. 804, 416 P.2d 80 (1966), which was argued at the same time. Our decision in that case should be read in connection with this opinion since both cases involve the

*Reported in 416 P.2d 84.

same statute (RCW 35.86.010 *et seq.*), although there are some factual differences between the two cases.

The present case was instituted by the city of Seattle, a city of the first class (herein referred to as the city), against King County and its county treasurer (herein referred to as the county), seeking a declaratory judgment that certain real property owned by the city and described in its amended complaint be declared exempt from any obligation to pay moneys in "lieu of real estate taxes" as demanded by the county treasurer under RCW 35.86.070.

It is alleged in the amended complaint that in 1964 and again in 1965 the county treasurer caused certain "real estate tax statements" (copies being attached thereto) to be delivered to the city comptroller relating to certain real estate owned in fee by the city, purporting to require it to pay to the county treasurer certain designated sums "in lieu of taxes" for "parking facilities." The parcels of land referred to in the tax statements and the respective methods and purposes by which and for which they allegedly had been acquired by the city are as described below.

Five separate parcels of land are involved in this case and are described in the amended complaint. For convenience, they are designated as A, B, C, D, and E.

Parcels A and C are the site of the Seattle Center Parking Facility. See *Hilliard v. Seattle*, 63 Wn.2d 401, 387 P.2d 536 (1963). One portion of parcels A and C was purchased by the city in 1953 for general purposes pursuant to ordinance No. 81643. The remainder of parcels A and C were acquired by condemnation in 1953, pursuant to ordinance No. 86033 "as a site for the civic center development" contemplated by ordinances No. 85404 and No. 85774.

Parcel B was alleged to have been acquired by the city partly by purchase, street vacation, and tax foreclosures, and is under the jurisdiction of the Seattle Transit Commission. The remainder of parcel B was the only portion acquired subsequent to 1959. This property was acquired by condemnation in 1960, pursuant to ordinance No. 89294,

which authorized its acquisition for garage and storage yard purposes of the municipal transporation system.

Parcel D was also acquired partly by condemnation pursuant to ordinance No. 89294 for transit purposes and the remainder by street vacation.

The remaining parcel (E) was alleged to have also been acquired under ordinance No. 86033 (as were parcels A and C) for use (*inter alia*) as a site for a civic center. Only a portion thereof has been used for parking purposes.

In the concluding paragraph of its amended complaint, the city alleged:

> That the property referred to in paragraphs IV, V, VI, and VII hereof is exempt from taxation under Article VII, Section 1 of the Constitution of the State of Washington as amended by the Fourteenth Amendment thereto and to require payment by The City of Seattle of moneys "in lieu of taxes" violates said provisions of the Constitution of the State of Washington.

The city prayed for relief as follows:

> 1. The Court enter its judgment declaring the tax statements referred to herein to be null and void and that the City has no obligation to pay such statements.
>
> 2. That the plaintiff be granted such other relief as the Court may deem fit and proper.

The county's answer to the city's amended complaint was as follows:

> Defendants admit all allegations of fact set forth in the Amended Complaint except that defendants state that the areas for which the billings in lieu of taxes were made are only those shown on attachment A and B annexed hereto.

Each party moved for summary judgment in its favor. The city did so on the ground that "the pleadings filed in this case show that the plaintiff is entitled to judgment as a matter of law."

The county's motion stated:

> Defendants make this motion for summary judgment of dismissal of the amended complaint, and for grounds state RCW 35.86.070 is a valid act of the State Legislature exacting a sum of money or an excise, inherent in the sov-

ereignty of the State of Washington or authorized by Article 11, Section 12 of the State Constitution, such money not being for the special benefit of plaintiff.

Defendants rely upon the amended complaint, their answer thereto and the request for admission unanswered.

Memorandum of authorities is tendered herewith.

The trial court, after considering the pleadings and certain other documents in the record, denied the county's motion for summary judgment and granted the city's motion.

The court entered its declaratory judgment, which recited in substance that:

1. There was no genuine issue of material fact.

2. Parcels A and C were not subject to the payment of money "in lieu of taxes" because the property had not been acquired pursuant to Laws of 1959, ch. 302. Parcels B, D, and E were not subject to the payment of money "in lieu of taxes" for the same reason.

3. The several real-estate tax statements described in the complaint which the county treasurer submitted to the city comptroller in demand for payment of specific sums of money, were null and void.

4. The parcels are exempt from real property taxation or payments in lieu thereof under Const. art. 7, § 1 (amendment 14) and RCW 84.36.010.

The county appealed from this judgment and makes three assignments of error in its brief as follows:

1. The trial court erred in determining that RCW 35-.86.070 levied a general ad valorem real estate tax on municipal off-street parking facilities of plaintiff and therefrom determining plaintiff is exempt from the exaction of excise, and the action should have been dismissed.

2. The trial court erred in not determining that RCW 35.86.070 is an excise or license fee imposed by the legislature to facilitate the use of state and local highways and streets, and is not within the prohibition of Article 11, Section 12, and the action should be dismissed.

3. The trial court erred in determining the issue raised by plaintiff that RCW 35.86.070 is in violation of Article 7, Section 1, of the Constitution because plaintiff has no standing to sue, and the action should be dismissed.

It is to be noted that these assignments are identical with those stated by the county in its brief in *Kirkland v. Steen, supra.*

The only factual difference between the two cases is that, in the present case, there is a portion of one parcel involved (parcel B) which was acquired by the city by condemnation subsequent to the effective date of Laws of 1959, ch. 302. This land was condemned by the city pursuant to ordinance No. 89294 for transit terminal purposes and not for off-street parking purposes. It is stated in the city's brief that:

> A portion of this land has been used from time to time to provide parking for transit customers commuting to and from the center of Seattle, pending permanent use of this land as a transit terminal.

The only other pieces of land which were condemned were portions of parcels A and C, which were acquired by the city by condemnation in 1953, under ordinance No. 86033, as a site for a civic development center. None of the land involved in the five tax statements was condemned pursuant to Laws of 1959, ch. 302.

By its third assignment of error, the county challenges the city's standing to maintain this action. This same contention was made in the *Kirkland* case. For the reasons stated in our decision in that case, we hold that the county's challenge cannot be sustained and that the city has the necessary legal standing to maintain this declaratory judgment action. Therefore, we are of the opinion that the county's third assignment of error is without merit.

The county's first assignment of error asserts that the trial court erred in holding that RCW 35.86.070 levied a general ad valorem real-estate tax on the city's off-street parking facilities and that the city was exempt from such tax under Const. art. 7, § 1 (amendment 14).

While in paragraph 4 of the trial court's declaratory judgment the city's property was held to be exempt from taxation by the county for the reason above stated, the court, in paragraphs 2 and 3 of its judgment, had already declared that the city's property was not subject to the payment of money "in lieu of taxes" claimed in the county's

real-estate tax statements involved in the case for the reason that the city's property had not been acquired by condemnation pursuant to RCW 35.86. The court, therefore, held that the real-estate tax statements were null and void.

We affirm the trial court's holding that the taxing provision in this statute does not apply to the city's property involved in this case for the reasons stated in *Kirkland v. Steen, supra.*

Since the trial court held in the present case that the provisions of RCW 35.86.070 did not apply to the city's land involved in this case, it was neither necessary nor proper for that court to pass upon the question of the constitutionality of the 1959 act. For this court to do so would result in rendering a purely advisory opinion. We will not do so in a declaratory judgment action. *DeGrief v. Seattle,* 50 Wn.2d. 1, 297 P.2d 940 (1956).

The county's only remaining assignment is that the trial court should have held that RCW 35.86.070 imposes an excise tax or license fee to facilitate the use of state and local highways and streets instead of an ad valorem tax on real property used for off-street parking purposes. For the same reason, to wit, that the court had already held in its declaratory judgment that the 1959 act had no application to the city's property involved in this case, we decline to pass upon the nature of the tax sought to be imposed by RCW 35.86-.070.

In summary, the trial court's declaratory judgment—that the 1959 act has no application to the city's property because none of it was acquired by condemnation pursuant to Laws of 1959, ch. 302—is supported by the admitted allegations of the pleadings. The provisions of § 7 of the act specifically limit its application to real estate acquired by a city by condemnation pursuant to the act. Therefore, the trial court's judgment is modified by eliminating paragraph 4 thereof. As so modified, the judgment is affirmed.

The city shall recover its costs on this appeal.

ALL CONCUR.