[No. 502-1.    Division One—Panel 1.    February 1, 1971.]

FREDA MALLEN, *Appellant*, v. HARRY MALLEN, *Respondent*.

*Stern, Gayton, Neubauer & Brucker* and *Ronald G. Neubauer*, for appellant.

*Guttormsen, Scholfield, Willits & Ager* and *John A. Hamill*, for respondent.

UTTER, J.—Freda Mallen, appellant, was awarded a divorce in 1965 from Harry Mallen, respondent. The decree provided:

2. Plaintiff [appellant] is awarded the care, custody and control of the minor daughter of the parties, . . .

3. The defendant [respondent] shall pay to the plaintiff for the care of the daughter the sum of $200.00 per month . . . Support payments for the child shall continue beyond the age of twenty one years, and so long as the child is unmarried and unable to support herself.

The decree incorporated, by reference, a property settlement agreement of the parties which contained the same language regarding the support obligation. At the time of the divorce, the then 18-year-old daughter of the parties was suffering from the consequences of an alleged chronic brain tumor.

On April 12, 1969, appellant petitioned for modification of the divorce decree alleging the worsening of the daughter's condition and a resultant increase in the expense of care for which she requested support payments of $500 per month. The respondent answered praying that the petition for modification should be dismissed for want of jurisdiction.

The issue on appeal is whether our court has the power, in a modification proceeding, to order an increase in support for a child of the parties who has passed her 21st birthday. The order of the trial court dismissed the petition with prejudice for want of jurisdiction under RCW 26.08 to modify the child support provisions of the original decree by increasing them as prayed with respect to a child who has obtained majority subsequent to the entry of the original decree.

Divorce is a statutory proceeding and the jurisdiction of the court is limited by applicable legislative enactment. The court does not have any authority that cannot be inferred from a broad interpretation of the act in question. *Arneson v. Arneson*, 38 Wn.2d 99, 227 P.2d 1016 (1951). RCW 26.08.110 authorizes the court to make disposition of the property of the parties

as shall 'appear just and equitable, . . . for the custody, support and education of the minor children of such marriage. Such decree as to alimony and the care, custody, support and education of children may be modified, altered and revised by the court from time to time as circumstances may require.

When a child becomes of age, the decree has served its purpose and there is no further power given the court by statute to affect the rights of the parties further by the vehicle of the decree of divorce. The act contains no provision authorizing an ajudication other than of "custody, support and education of the *minor* children of such marriage." (Italics ours.) *Palmer v. Palmer,* 42 Wn.2d 715, 258 P.2d 475 (1953).

There is no provision for authority to modify the support obligation after the child reached its 21st birthday in either the property settlement agreement of the parties or the statutes governing the scope of the court's decree. The trial court, therefore, properly dismissed the petition for modification.

■ Interests of the parties to divorce action are determined as between themselves by the decree. The decree does not affect the rights of those not made parties by the language of the statute. *Arneson v. Arneson, supra.* The child of the parties is not foreclosed inasmuch as it was not a party to the action. The mother did not represent the child but only asserted a right on behalf of the child for child support.

Counsel indicated all parties presently reside in the state of California. The law of that state would seem to impose a statutory obligation upon the parents to provide support for an adult child who is incapable of providing for her own care. *Farber v. Olkon,* 40 Cal. 2d 503, 254 P.2d 520 (1953); *In re Dudley,* 239 Cal. App. 2d 401, 48 Cal. Rptr. 790 (1966); *Woolams v. Woolams,* 115 Cal. App. 2d 1, 251 P.2d 392 (1952). Washington imposes a similar but non-statutory liability on parents. *Van Tinker v. Van Tinker,* 38 Wn.2d 390, 229 P.2d 333 (1951); *Schultz v. Western Farm Tractor Co.,* 111 Wash. 351, 190 P. 1007, 14 A.L.R. 514

(1920); Annot., 1 A.L.R.2d 905 (1948). The right of the child or an appropriate guardian ad litem to pursue an action on her behalf in California or any other forum where jurisdiction can be obtained over the parents is not affected by our action here.

The judgment of the trial court is affirmed.

HOROWITZ, C. J., and WILLIAMS, J., concur.