[No. 1076-3.  Division Three.  May 8, 1975.]

MARTIN JOSEPH LAHART, *Appellant*, v. LARK LAHART, *Respondent*.

*Campbell & Johnston* and *Mike Johnston,* for appellant.

*Bennett & Carroll* and *Richard H. Bennett,* for respondent.

MUNSON, J.—Plaintiff, Mr. Lahart, sought to register an Arizona divorce decree in the Superior Court for Benton County, Washington, for the purpose of enforcing rights of visitation and a money judgment entered against the defendant. The Superior Court for Benton County registered the decree and judgment, refused to enforce the judgment, modified the provisions of the decree in respect to visitation and support and granted a judgment to Mrs. Lahart based upon her counterclaim. Both parties appeal.

The parties were married in New York State in 1966. Two children were born of this marriage. During the marriage, they lived in the states of Washington, New York and Massachusetts and had acquired, among other things, $10,000 in a joint bank account located in the state of New York. During the marriage, the defendant wife had supplemented the family income by teaching at the Massachusetts Institute of Technology.

In September 1971 the parties moved to Arizona so that the plaintiff could continue his education, working toward a Ph.D in optics. Shortly after their arrival in Arizona, Mrs. Lahart became pregnant; the pregnancy was complicated and terminated in the child's premature death in January 1972, resulting in extremely heavy medical expenses. In

order to protect their savings, the parties agreed to transfer the $10,000 bank account from New York State, by transferring $3,300 into the name of Mr. Lahart's mother in Arizona and $6,700 in the name of Mrs. Lahart's aunt in Montana. Evidently, all hospital and doctor bills have now been paid in full.

Mrs. Lahart had visited her parents periodically in Richland, Washington. In July 1972, apparently dissatisfied with medical treatment she was receiving in Arizona, she left the state of Arizona with the two children for the combined purpose of visiting relatives and obtaining additional medical assistance in Richland. Her husband did not object to the trip. In late August, or early September 1972, the parties discussed by telephone some of their marital difficulties, culminating in the wife advising her husband that she was not going to return to Arizona, but planned to stay in Richland and seek employment. On September 20, 1972, the wife registered to vote in Richland, Washington. Attempts at reconciliation and/or property division were to no avail.

Mr. Lahart filed for divorce in Arizona on November 27, 1972. Mrs. Lahart was personally served with a copy of the summons and complaint in Washington. However, she made no appearance in the Arizona action.

On January 16, 1973, a default decree was entered against Mrs. Lahart in Pima County, Arizona. The decree awarded custody of the children to Mrs. Lahart, a 2-month visitation period to Mr. Lahart and a provision which delayed Mr. Lahart's payments for support until December 31, 1974. Mr. Lahart was also awarded a judgment against Mrs. Lahart for $4,400.

Mr. Lahart came to Washington in 1973 to visit his children. He contends that his wife denied him his right of visitation and as a result thereof, he brought an action in Benton County on March 20, 1973, seeking to enforce the visitation provision of the Arizona decree, and additionally to recover the money judgment he had obtained against Mrs. Lahart.

Subsequent to the filing of the Arizona action in Benton County, Mr. Lahart, in the state of Arizona, was granted a motion to amend the original judgment so as to permit the entry of "an affidavit for direct service" as required to perfect service under the Arizona long arm statute pursuant to Ariz. R. Civ. P. 4(e) (2) (b).[1]

On June 11, 1973, the original judgment and decree were amended to include the affidavit of direct service. On July 31, 1973, Mr. Lahart filed the amended decree to be registered with the Benton County Superior Court.

The trial court, while registering the amended Arizona decree, found that Mrs. Lahart was not a domiciliary of Arizona at the time that the complaint for divorce was filed, thereby negating the existence of in personam jurisdiction necessary to the enforcement of the personal judgment. Additionally, the trial court concluded that the existence of the minor children before the Washington court provided the Washington court with jurisdiction to modify the divorce decree provisions in regard to support and visitation. Furthermore, pursuant to Mrs. Lahart's counterclaim, the trial court awarded Mrs. Lahart a judgment for $6,700.

Mr. Lahart contends that the Washington court was without jurisdiction to modify the Arizona decree as to child support or visitation. He further contends that the Arizona judgment of $4,400 is entitled to full faith and credit. Mrs. Lahart appeals, assigning error to the finding by the Washington court that it had jurisdiction to make a distribution of personal property located outside the state of Arizona.

---

[1] "Direct Service. Service out of the state may also be made in the same manner provided in Section 4(d) of this Rule by a person authorized to serve process under the law of the state where such service is made. Service shall be complete when made and time for purposes of Rule 4(e)(4) shall begin to run at that time, provided that before any default may be had on such service, there shall be filed an affidavit of service showing the circumstances warranting the utilization of the procedure under Section 4(e)(1) and attaching an affidavit of the process server showing the fact of the service."

■ Plaintiff contends that the provisions of the Arizona decree in regard to visitation were not subject to modification in the state of Washington. We disagree. Where, as here, the children are presently domiciled in this state, the court possesses jurisdiction to enter a modification as to custody. *In re Rankin,* 76 Wn.2d 533, 458 P.2d 176 (1969); *In re Mullins,* 26 Wn.2d 419, 174 P.2d 790 (1946). The same is true as to visitation. *Selivanoff v. Selivanoff,* 12 Wn. App. 263, 529 P.2d 486 (1974).

■■ Plaintiff next contends that the provision as to visitation was not subject to modification in the absence of a change in circumstances. We do not agree. The court in *In re Rankin, supra* at 536, stated:

> Where a custody decree is entered upon default, the court has had no opportunity to observe the two contending parents upon the witness stand or to examine the evidence concerning their fitness and concerning the welfare of the child. It must accept the allegations of the petitioner or, at best, the uncross-examined testimony of the petitioner. Therefore, in such a case, the rule that a change of circumstances must be shown before a change of custody can be ordered does not have its usual efficacy.

The reasoning in the *Rankin* decision, that a change of circumstances is not a prerequisite to the modification of a decree of custody obtained upon default, is equally applicable to a provision as to visitation.

Plaintiff next contends that the court was without power to modify the support award entered against him by the Arizona court. We disagree. The Arizona decree having provided for future modification, and Mr. Lahart having appeared in this action, he was subject to the jurisdiction of the courts of this state to prospectively modify the support award. *Mallen v. Mallen,* 4 Wn. App. 185, 480 P.2d 219 (1971). *Cf. Schoennauer v. Schoennauer,* 77 Wash. 132, 137 P. 325 (1913).

Plaintiff claims a change in circumstance is a necessary prerequisite to a modification of support. Again, we disa-

gree. The reasoning in the case of *In re Rankin, supra,* is equally applicable to support provisions as well as custody.

■ Lastly, plaintiff contends that the judgment awarded him is entitled to full faith and credit. We disagree. A foreign judgment is subject to collateral attack for want of jurisdiction. *Industrial Fin. Co. v. Lovell,* 9 Wn. App. 829, 515 P.2d 1304 (1973); *Allard v. La Plain,* 147 Wash. 497, 266 P. 688 (1928).

Plaintiff contends that the Arizona court possessed in personam jurisdiction over Mrs. Lahart in that (1) Mrs. Lahart was a domiciliary of the state of Arizona, or (2) the law of Arizona is controlling wherein it states that the domicile of the wife is that of her husband, or (3) Ariz. R. Civ. P. 4(e)(2) is controlling in that it provides in personam jurisdiction over persons who have "caused an event to occur in this state out of which the claim which is the subject of the complaint arose."[2]

■■ Mrs. Lahart, having not appeared in the Arizona action, presented the trial court with a question of fact as to the domicile of Mrs. Lahart at the time the Arizona action was commenced. *Stevens v. Stevens,* 4 Wn. App. 79, 480 P.2d 238 (1971). The trial court found that Mrs. Lahart was a domiciliary of the state of Washington at that time. Findings of fact supported by substantial evidence will not be reviewed on appeal. *Thorndike v. Hesperian Orchards, Inc.,* 54 Wn.2d 570, 343 P.2d 183 (1959); *Brunson v. Brunson,* 2 Wn. App. 809, 472 P.2d 586 (1970). A review of the record reveals substantial evidence to support the finding of the trial court.

---

[2]"Summons; personal service out of state. When the defendant is a resident of this state, or is a corporation doing business in this state, or is a person, partnership, corporation or unincorporated association subject to suit in a common name which has caused an event to occur in this state out of which the claim which is the subject of the complaint arose, service may be made as herein provided, and when so made shall be of the same effect as personal service within the state. In case of a corporation or partnership or unincorporated association, service under this Rule shall be made on one of the persons specified in Section 4(d)(6)."

■ Mr. Lahart next contends that the Arizona court had personal jurisdiction over Mrs. Lahart by reason of Arizona common law which does not permit a wife to establish a separate domicile from that of her husband. We seriously question whether such is the present law in the state of Arizona once a wife leaves her husband. *Williamson v. Osenton*, 232 U.S. 619, 625, 58 L. Ed. 758, 34 S. Ct. 442, 443 (1914) states:

> However it may be in England, that in this country a wife in the plaintiff's circumstances may get a different domicil from that of her husband for purposes of divorce is not disputed and is not open to dispute. *Haddock* v. *Haddock*, 201 U.S. 562, 571, 572 [50 L. Ed. 867, 26 Sup. Ct. 525 (1906)].

Lastly, we need not decide plaintiff's contention that the Arizona court possessed in personam jurisdiction pursuant to the Arizona long arm statute. Subsection 4(e)(2)(b) requires that in the case of direct service "there shall be filed an affidavit of service showing the circumstances warranting the utilization of the procedure under Section 4(e)(1)[3] . . ." At the time of filing this action in Arizona, no affidavit of direct service had been filed with the court. It was not until after the commencement of the original action in Benton County that counsel for Mr. Lahart sought to have entered an amended decree containing a properly filed affidavit of direct service as required by Ariz. R. Civ. P. 4(e)(2)(b) of the Arizona long arm statute.

Counsel cites no authority, nor has this court discovered authority, as to the validity of an affidavit filed subsequent to the entry of the judgment by default where direct service of process was effectuated pursuant to Ariz. R. Civ. P. 4(e)(2)(b). However, in *Miller v. Corning Glass Works*, 102 Ariz. 326, 429 P.2d 438 (1967), the Arizona Supreme

---

[3] "Summons: alternative methods of service. When a defendant is a non-resident of the state, or is absent from the state, or is a transient person, or is one whose residence is unknown to the party, or is a

Court interpreted Ariz. R. Civ. P. 4(e)(3)[4] of the Arizona long arm statute entitled "Summons: service by publication." In *Miller*, the court required that an affidavit be filed, showing that publication, mailing, and the circumstances warranting the utilization of the procedure under Ariz. R. Civ. P. 4(e) have been complied with, citing *Evans v. Hallas*, 64 Ariz. 142, 167 P.2d 94 (1946), and stated that the affidavit in support of publication must comply with the statutory requirements which are to be strictly construed. We note that in *Evans v. Hallas, supra* at 147, the court stated: "An affidavit filed *after publication and judgment by default* will not validate the process." (Italics ours.)

By analogy, Ariz. R. Civ. P. 4(e)(2)(b) in regard to direct service, and the affidavit necessary to perfect such service, like that of publication, cannot be filed after direct service and entry of judgment by default so as to validate the prior service. Therefore, the attempt to file an amended

corporation incorporated under the laws of any other state or foreign country which has no legally appointed and constituted agent in this state, or is concealing himself to avoid service of summons, a summons shall be issued as in other cases and service may be made in accordance with Sections 4(e)(2) or 4(e)(3) of this Rule. The methods of service herein provided shall be applicable for the assertion of any claim by way of a cross-claim, third party claim or other appropriate pleading against any party who has not appeared in the action and shall be in addition to and not exclusive of any other means of service which may be provided by statute or rule."

[4] "Summons: service by publication. Where by law personal service is not required, and a person is subject to service under Section 4(e)(1), such service may be made by either of the methods set forth in Section 4(e)(2) or by publication. Service by publication shall be made by publication of the summons in a newspaper published in the county where the action is pending, and if no newspaper is published in such county, then in a newspaper published in an adjoining county, at least once a week for four successive weeks and the service shall be complete thirty days after the first publication. When the residence of the defendant is known, the party shall on or before the date of the first publication mail a copy of the summons and complaint, postage prepaid, directed to the defendant at his place of abode. The plaintiff shall file an affidavit showing the publication and mailing and the circumstances warranting the utilization of the procedure under Section 4(e)(1) which shall be prima facie evidence of compliance herewith, and if the residence is unknown, the affidavit shall so state."

decree so as to incorporate a properly filed affidavit of direct service required by Ariz. R. Civ. P. 4(e)(2)(b) was an ineffective attempt to gain in personam jurisdiction after entry of the judgment, over an otherwise in rem action.

It is our conclusion that the trial court was correct in its registering the Arizona judgment only as to its in rem effect. The parties having appeared in this action, they were thereby subject to the jurisdiction of the courts of this state. A judgment could therefore be entered against either party to the action in regard to the personal property owned by the parties, prior to the entry of the Arizona divorce decree.

Judgment affirmed.

McINTURFF, C.J., and GREEN, J., concur.

Petition for rehearing denied June 19, 1975.

Review denied by Supreme Court September 5, 1975.