[No. 1498-3. Division Three. August 18, 1975.]

MAUREEN S. McDANIEL, *Petitioner*, v. DENNIS R. McDANIEL, *Respondent.*

*Jerry T. Dyreson,* of *Spokane County Legal Services,* for petitioner.

*C. Raymond Eberle* and *Wolff & Eberle,* for respondent.

GREEN, J.—The petitioner, Maureen S. McDaniel, seeks review of an order modifying a divorce decree by awarding the custody of her two minor children to their father, Dennis R. McDaniel, the respondent.

On February 21, 1974, the parties entered into a property settlement agreement providing that custody of the children be awarded to petitioner. On March 22 respondent stipulated to entry of a default decree. After entry of an order of default but prior to entry of the decree, respondent moved to set aside the order of default on the basis that he had become aware of conduct of the petitioner which was detrimental to the health and well-being of the children. This motion was denied; however, respondent was advised that he could petition to modify the divorce decree after it was entered if the welfare of the children was involved. A decree of divorce was entered October 18, 1974.

On November 21, 1974, respondent filed a "Motion for Order Modifying Decree of Divorce," seeking custody of the children. On March 26, 1975, an order was entered modifying the decree by awarding the care, custody and control of the children to respondent.

Petitioner presents four issues for consideration: (1) Whether the trial court in modifying the divorce decree erroneously considered factors existing *prior* to the entry of the decree; (2) Whether there is sufficient evidence to support the trial court's conclusion that the environment in petitioner's home is detrimental to the physical, emotional

and mental health of the children; (3) Whether the court erred in concluding that the children had been integrated into the family of respondent with the consent of the petitioner; and (4) Whether a report of a psychological examination of the children was properly admitted in evidence.

 First, petitioner contends that in a modification proceeding the trial court's consideration is limited to a review of "facts that *have arisen since the prior decree* . . . " (Italics ours.) and that the trial court erred in considering factors which existed *prior* to the entry of the decree. RCW 26.09.260. We disagree with the petitioner's contentions for two reasons:

1. The unchallenged findings reveal that during the hearing on respondent's motion to set aside the default stipulation, the court heard no testimony as to the custodial fitness of either parent. Rather, respondent was advised that modification proceedings could be initiated if the welfare of the children was involved. RCW 26.09.260 provides:

> (1) The court shall not modify a prior custody decree unless it finds, upon the basis of facts that have arisen since the prior decree *or that were unknown to the court at the time of the prior decree*, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child.

(Italics ours.) Therefore, those factors, of which respondent became aware after entering into the default stipulation and which he was not allowed to put in evidence at the hearing on his motion to vacate the default, were "unknown to the court at the time of the prior decree" within the purview of RCW 26.09.260 and were properly considered. *See In re Rankin*, 76 Wn.2d 533, 537, 458 P.2d 176 (1969).

2. Where a custody decree is obtained by default, the court's consideration is not limited to those factors tending to show "that a change has occurred in the circumstances of the child or his custodian" as required by RCW 26.09.260. The court in *In re Rankin, supra* at 536, although concerned

with the predecessor of RCW 26.09.260, explained the rationale for this rule:

Where a custody decree is entered upon default, the court has had no opportunity to observe the two contending parents upon the witness stand or to examine the evidence concerning their fitness and concerning the welfare of the child. It must accept the allegations of the petitioner or, at best, the uncross-examined testimony of the petitioner. Therefore, in such a case, the rule that a change of circumstances must be shown before a change of custody can be ordered does not have its usual efficacy.

*White v. White*, 24 Wn.2d 52, 57, 163 P.2d 137 (1945); *Lahart v. Lahart*, 13 Wn. App. 452, 456, 535 P.2d 145 (1975); *Weber v. Weber*, 6 Wn. App. 722, 726, 496 P.2d 576 (1972). For these reasons, the trial court in granting respondent's petition for modification did not err when it considered facts which existed prior to the entry of the original default decree.[1]

■■ Second, petitioner contends that the evidence is

---

[1]Petitioner assigns error to the trial court's conclusion that "The criteria to be applied in this hearing . . . should be based on RCW 26.09.190." That statute sets forth the criteria to be considered by the court in making an original determination of custody. RCW 26.09.190 provides:

The court shall determine custody in accordance with the best interests of the child. The court shall consider all relevant factors including:

(1) The wishes of the child's parent or parents as to his custody and as to visitation privileges;

(2) The wishes of the child as to his custodian and as to visitation privileges;

(3) The interaction and interrelationship of the child with his parent or parents, his siblings, and any other person who may significantly affect the child's best interests;

(4) The child's adjustment to his home, school, and community; and

(5) The mental and physical health of all individuals involved. The court shall not consider conduct of a proposed guardian that does not affect the welfare of the child.

Having found a proper application of RCW 26.09.260, we need not determine the propriety of applying these criteria to a hearing modifying custody under a default decree. However, we see no reason why the application of such criteria should be error.

insufficient to show that the children's present environment is "detrimental to . . . [their] physical, mental, or emotional health" as required by RCW 26.09.260(1)(c).[2] We disagree. The unchallenged findings reveal that the children's diet, school attendance and dental care were irregular and that they were exposed to marijuana smoking and the presence of a man living with the petitioner. These findings amply support the conclusion that the environment provided by the petitioner is detrimental to the children. Petitioner argues that this conclusion is inconsistent with the finding that she is a fit parent. In this respect, the court specifically found:

> [A]lthough respondent [petitioner] does not lack basic parental fitness in the sense that she would be unable to provide an adequate home if petitioner's [respondent's] home was not available, the granting of this petition will significantly promote the children's physical, mental and emotional health.

While this finding arguably supports petitioner's position, nevertheless, a consideration of the findings as a whole reveals that the standard of RCW 26.09.260(1)(c) was properly applied, *i.e.*, a showing of detriment to the children. A trial court's decision will be sustained if correct upon any ground set forth in the pleadings and supported by the evidence. *Mooney v. American Mail Line, Ltd.*, 61 Wn.2d 181, 377 P.2d 429 (1963).

Third, petitioner assigns error to the trial court's conclusion that the children were integrated into respondent's family with the consent of the petitioner. RCW

---

[2]This section provides:

"In applying these standards the court shall retain the custodian established by the prior decree unless:

". . .

"(c) The child's present environment is detrimental to his physical, mental, or emotional health and the harm likely to be caused by a change of environment is outweighed by the advantage of a change to the child."

26.09.260 (1) (b).[3] We need not determine the propriety of this conclusion, inasmuch as we have found that the trial court properly concluded under the alternative provision (1) (c) of RCW 26.09.260 that the living environment provided by the petitioner was detrimental to the children.

Fourth, petitioner, citing CR 35[4] and RCW 26.09.250,[5] contends that it was error for the court to admit in evidence the psychological examination of the children obtained while in respondent's care. These authorities do not prohibit the noncustodial parent from consenting to or obtaining a psychological evaluation of the children and petitioner cites no case authority to this end. *DeHeer v. Seattle Post-Intelligencer*, 60 Wn.2d 122, 126, 372 P.2d 193 (1962).

The order of modification is affirmed.

McINTURFF, C.J., and MUNSON, J., concur.

[3]This section provides:

"In applying these standards the court shall retain the custodian established by the prior decree unless:

". . .

"(b) The child has been integrated into the family of the petitioner with the consent of the custodian; or"

[4]CR 35 sets out the procedure for obtaining a court order for the physical or mental examination of a party or one in the custody of a party.

[5]This statute simply provides that the custodial parent shall determine the child's upbringing, including health care, unless otherwise ordered by the court upon motion by the noncustodial parent.