[No. 4944–1. Division One. March 6, 1978.]

MARTHA ROBERTSON, *Respondent,* v. LAURENCE ROBERTSON, *Appellant.*

*Treece, Richdale, Meiner & Malone* and *Thomas W. Malone*, for appellant.

*Shellan, Pain & Warren* and *Daniel Kellogg*, for respondent.

*Michael J. Fox* on behalf of American Civil Liberties Union, amicus curiae.

FARRIS, C.J.—Laurence Robertson, a noncustodial father, appeals a trial court order (1) prohibiting him from taking his two sons to any meetings of the Jehovah's Witnesses and from teaching or expressing to them certain religious doctrines, and (2) requiring him to enable his oldest son to deliver newspapers on Sunday mornings during visitation periods. He also seeks review of an award of attorney's fees and costs on appeal to the custodial parent, Martha Robertson, now Martha Caul (his former wife). Mrs. Caul requests an award of additional attorney's fees expended in opposing the motion for reconsideration and in defending this appeal.

The father contends that the part of the trial court order restraining him from participating in the religious training of his children constitutes a manifest abuse of discretion, violates the Washington statute governing visitation rights, and infringes on the free exercise of his religion in violation of the first amendment to the United States Constitution.

In *Munoz v. Munoz*, 79 Wn.2d 810, 813, 489 P.2d 1133 (1971), the Supreme Court held that

> the courts should maintain an attitude of strict impartiality between religions and should not disqualify any applicant for custody or restrain any person having custody or visitation rights from taking the children to a particular church, except where there is a clear and affirmative showing that the conflicting religious beliefs affect the general welfare of the child.

In 1973, the legislature enacted RCW 26.09.240, which provides in part:

> The court may modify an order granting or denying visitation rights whenever modification would serve the best interests of the child but the court shall not restrict a parent's visitation rights unless it finds that the visitation would endanger the child's physical, mental, or emotional health.

Thus, there must be a showing in the record and a finding by the court that the requirements of *Munoz* and RCW 26.09.240 were met. In this regard, the record contains only the affidavit of Mrs. Caul wherein she states that the teachings of the Jehovah's Witnesses "confuse and alarm [the] children" and "have a detrimental and confusing impact upon [their] welfare" and that the specific precept of nonobservance of holidays "causes a great deal of trauma for the children at school because they feel guilty . . ." While we do not ignore the possible effect of a child's "confusion" caused by exposure to different religions, *Munoz* and RCW 26.09.240 require a *factual* showing, not mere conclusions and speculation. In the absence of a clear and affirmative showing that the conflicting religious beliefs affect the general welfare of the children, the restrictive

order of the trial court relating to religious training cannot be upheld.[1]

With respect to the requirement that the father exercise his rights of visitation so as not to interfere with his oldest son's paper route, the order provides that if the father plans an activity during a visitation period that makes it impossible for him to return his son on Sunday morning, he may avoid doing so by giving Mrs. Caul 72 hours' notice so that a substitute paper boy may be found. This restriction on visitation is reasonable; it is not an abuse of the trial court's discretion.

■ Finally, the father contends that he should not be required to pay Mrs. Caul $750 for attorney's fees and $250 for costs on appeal. Such an award rests within the sound discretion of the trial court, which must balance the needs of the requesting party against the other party's ability to pay. *In re Marriage of Young*, 18 Wn. App. 462, 569 P.2d 70 (1977). Our review of the record discloses no abuse of discretion in the award.

Mrs. Caul requests that additional attorney's fees be awarded pursuant to RCW 26.09.140, which provides in part:

> Upon any appeal, the appellate court may, in its discretion, order a party to pay for the cost to the other party of maintaining the appeal and attorney's fees in addition to statutory costs.

We deny the request.

The cause is remanded for the taking of evidence on the effect upon the children, if any, of exposure to conflicting religious doctrines. The trial court will enter findings of fact, conclusions of law and an order at the conclusion of the evidentiary hearing.

---

[1]We reject Mrs. Caul's argument that *Munoz* was "overruled" by RCW 26.09-.250, which provides that "the custodian may determine the child's upbringing, including his education, health care, and religious training, . . ." The statute gives her primary, *not exclusive,* control over her children's upbringing. *See McDaniel v. McDaniel,* 14 Wn. App. 194, 539 P.2d 699 (1975).

Reversed and remanded.

WILLIAMS and CALLOW, JJ., concur.