IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Marriage of | ) | No. 35397-4-III |
| | ) | |
| HEIDI REGINA ENGSTROM, | ) | |
| n/k/a HEIDI REGINA BENDICK, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | UNPUBLISHED OPINION |
| and | ) | |
| | ) | |
| JOSEPH LOGAN ENGSTROM, | ) | |
| | ) | |
| Respondent. | ) | |

PENNELL, J. — Heidi Bendick appeals a trial court order finding inadequate cause to modify the parties' parenting plan. We affirm.

## FACTS

Joseph Engstrom and Heidi Bendick dissolved their marriage in 2008. At the time of the events relevant to this appeal, Mr. Engstrom was living in Spokane County and Ms.

Bendick was living in Florida with the parties' two children. Pursuant to a modified parenting plan stipulated to by the parties in 2015, Ms. Bendick was made the primary custodial parent. Mr. Engstrom was afforded ample visitation rights and the parties designed their parenting plan to accommodate the long distance across the country between their homes. While the parties dispute the reasons why, both agree the provisions of the current parenting plan have not been followed to the letter.

In September 2016, Mr. Engstrom was charged with vehicular assault. He was allegedly involved in a head-on collision that seriously injured the driver of the other vehicle. At the time of his arrest, Mr. Engstrom told the police he had just taken some pills, later confirmed to be Zolpidem (Ambien), that affected his ability to drive. In a declaration, Mr. Engstrom stated Ambien is known to cause "'Ambien black-outs,'" which can result in "sleep-driving." Clerks Papers (CP) at 88. Mr. Engstrom further explained he had been prescribed Ambien by a doctor but stopped taking it after this incident. He was not required to submit to random drug testing as part of his pretrial release conditions.

According to Ms. Bendick, Mr. Engstrom was evasive with her about the incident and referred to it as a minor car accident. She did not learn the full details until she independently obtained a copy of the police report. Ms. Bendick then filed a petition to

modify the parenting plan. She alleged the children were in a situation that was dangerous to their physical, mental, or emotional health. Ms. Bendick further alleged Mr. Engstrom was not compliant with the current parenting plan and that his injuries from the collision were negatively affecting his judgment. She asked the court to restrict Mr. Engstrom's residential time with the children until he proved he was capable of being a fit parent. Ms. Bendick also claimed Mr. Engstrom's speech had been slurred and lethargic, his memory often lapsed, and he was abusing prescription drugs. Mr. Engstrom denied these allegations. He pointed out that he was fully compliant with pretrial release conditions, still employed, and no longer taking Ambien.

A superior court commissioner found adequate cause to proceed to a full hearing on Ms. Bendick's petition. This finding was "based solely on the pending criminal charge." CP at 108. The commissioner did not find adequate cause as to the other allegations in Ms. Bendick's petition. Mr. Engstrom sought revision by a superior court judge. The judge revised the commissioner's ruling, finding no adequate cause to proceed to a full hearing on Ms. Bendick's petition because there was no nexus between the alleged use of Ambien and the pending criminal charge and harm to the children. Ms. Bendick appeals the order revising the commissioner's ruling.

No. 35397-4-III
*In re Marriage of Engstrom*

ANALYSIS

Ms. Bendick requested a full hearing on her petition pursuant to RCW 26.09.270. Under that statute, the court shall deny a motion for a full hearing "unless it finds that adequate cause for hearing the motion is established by the affidavits" submitted by the moving party. For a hearing to be justified, the specific factual allegations in the affidavits must establish a prima facie case to modify the parenting plan under RCW 26.09.260. *In re Marriage of Tomsovic*, 118 Wn. App. 96, 104, 74 P.3d 692 (2003); *In re Parentage of Jannot*, 110 Wn. App. 16, 24-25, 37 P.3d 1265 (2002), *aff'd*, 149 Wn.2d 123, 65 P.3d 664 (2003). A trial court's determination on adequate cause for a full hearing is reviewed for abuse of discretion.[1] *Tomsovic*, 118 Wn. App. at 104.

In her petition, Ms. Bendick argued that Mr. Engstrom's living environment was detrimental to the physical, emotional, or mental health of the parties' children. This argument is based on RCW 26.09.260(2)(c).[2] That subsection states a court shall retain a residential schedule unless "[t]he child's present environment is detrimental to the child's

_____

[1] We review the superior court's decision, not the commissioner's. *State v. Hoffman*, 115 Wn. App. 91, 101, 60 P.3d 1261, *reversed on other grounds by* 150 Wn.2d 536, 78 P.3d 1289 (2003).

[2] Although Ms. Bendick is the primary residential parent, her arguments on appeal are structured under RCW 26.09.260(2) rather than RCW 26.09.260(4). We follow this structure without addressing the potential applicability of subsection (4).

4

physical, mental, or emotional health and the harm likely to be caused by a change of environment is outweighed by the advantage of a change to the child." Thus, the prima facie case Ms. Bendick had to establish in the superior court was: "(1) a substantial change occurred in circumstances as they were previously known to the court, (2) the present arrangement is detrimental to the child's health, (3) modification is in the child's best interest, and (4) the change will be more helpful than harmful to the child." *In re Marriage of Zigler*, 154 Wn. App. 803, 809, 226 P.3d 202 (2010) (citing RCW 26.09.260(1), (2)(c)).

The superior court articulated tenable reasons for finding Ms. Bendick had not established a prima facie case of a detrimental change in circumstances. As recognized by the superior court, Mr. Engstrom's criminal charge was an understandable cause for concern. However, the nature of the charge was not, by itself, sufficient to require the court to find adequate cause to alter the parenting plan. *See Jannot*, 110 Wn. App. at 25 ("Certainly, documented supported claims of physical, sexual, or emotional abuse warrant a full hearing. But short of that, these are matters that should be left to the discretion of the trial judge."). The superior court recognized that the parties' children were not in Mr. Engstrom's care at the time of his arrest. Ms. Bendick did not proffer any evidence that Mr. Engstrom was engaged in ongoing criminal misconduct. In addition, Mr. Engstrom

was no longer prescribed Ambien and had stopped taking the drug. These circumstances all supported the superior court's discretionary decision not to alter the existing parenting plan.

The superior court was not faced with the kind of evidence that would ordinarily warrant modification of a parenting plan due to potential risk of harm. As pointed out by Ms. Bendick, our case law has recognized that potential risk of harm can be sufficient to establish a change of circumstances for purposes of modifying a parenting plan. However, the line of cases referenced by Ms. Bendick all involved children who had experienced actual changes to their living environments. *Marriage of Zigler*, 154 Wn. App. at 812-14 (actual exposure to domestic violence in the home created sufficient risk of harm); *In re Marriage of Frasier*, 33 Wn. App. 445, 655 P.2d 718 (1982) (unstable living conditions and exposure to prison environment created sufficient risk of harm); *McDaniel v. McDaniel*, 14 Wn. App. 194, 197-98, 539 P.2d 699 (1975) (irregular diet, school attendance, and marijuana exposure created sufficient risk of harm). Here, because the parties' children had not been in Mr. Engstrom's care subsequent to his arrest, Ms. Bendick was unable to produce any evidence of an actual change in living situation that could result in some sort of harm. Given this circumstance, the superior

6

court had ample reason to reject Ms. Bendick's concerns about potential harm as too speculative to warrant modifying the parenting plan.

## CONCLUSION

The superior court's order on revision is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____    _____
Lawrence-Berrey, C.J.          Fearing, J.